502 P.2d 531

Ira E. KLINEFELTER, Petitioner,

v.

The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF MARICOPA et al., Respondents.

No. 10953.

Supreme Court of Arizona,
In Banc.

Oct. 30, 1972.

Marshall W. Haislip, Phoenix, for petitioner.

Moise Berger, Maricopa County Atty., by Grayson M. Sandy, Jr., Deputy County Atty., Phoenix, for respondents.

HAYS, Chief Justice.

Petitioner, Ira E. Klinefelter, brought a special action against Judge Morris Rozar, Judge of the Superior Court of the State of Arizona, Maricopa County. Klinefelter petitioned the court to restrain Judge Rozar from proceeding with the petitioner-defendant's retrial on the grounds that to continue would place him in double jeopardy in violation of the United States and the Arizona Constitutions. Section 10, article 2, of the Constitution of Arizona, A.R.S., and the fifth amendment of the Constitution of the United States.

The facts are as follows: On June 6 and 7 of 1972 Klinefelter was on trial for aggravated battery, a felony, before Judge Rozar and a duly impaneled jury. After the State had rested its case in chief and Klinefelter had rested his case, the State called two rebuttal witnesses, a husband and wife who had been at the tavern at the time of the alleged offense. They were examined first in the absence of the jury when Klinefelter objected that their testimony would be improper rebuttal. The court sustained objection to the testimony of the wife, but in part overruled the objection to the husband's proffered testimony and sustained Klinefelter's objection to the husband's giving any testimony regarding Klinefelter's having allegedly thrown a beer can against a wall in the tavern where the alleged aggravated battery occurred.

Judge Rozar instructed the State's attorney to inform the witness of the boundaries of his permitted testimony. The trial before the jury proceeded. The witness was questioned by the County Attorney, by the Deputy County Attorney and was cross-examined by defense counsel. In response to one of the questions by the defense counsel, the witness twice referred to information which had been specifically excluded as improper rebuttal testimony, the throwing of the beer can. Judge Rozar *sua sponte* declared a mistrial. The court then excused the jury to the jury room and the defense counsel objected to the declaration of a mistrial. When asked if he wished the court to recall the jury, defense counsel first indicated the trial could not continue because the jury had been discharged. He explained that, under the above circumstances, he felt his client should not be retried because of the fifth amendment prohibition against double jeopardy. When informed that the jurors had not been discharged but were in the jury room, defense counsel stated that he would not continue with the trial since a mistrial had already been declared.

The double jeopardy clause of the fifth amendment to the United States Constitution is applicable to the states. Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). Jeopardy attaches when a jury is impaneled and sworn and proceedings commence. State v. Mojarro Padilla, 107 Ariz. 134, 483 P.2d 549 (1971); Green v. United States, 355 U.S. 184, 188, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957).

The central question before this court concerns when a trial court may grant a mistrial on its own motion, over the objection of the defendant without causing the defendant's retrial to unconstitutionally place him in double jeopardy. The United States Supreme Court has given us two cases as guidelines in this area: Gori v. United States, 367 U.S. 364, 81 S.Ct. 1523, 6 L.Ed.2d 901 (1961) and United States v. Jorn, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971).

In *Gori* the trial judge, apparently inferring that the prosecuting attorney's line of questioning might lead to introduction of

evidence of prior crimes by the accused, declared a mistrial without approval or objection by the defendant. The Court cited the *Perez* manifest necessity doctrine: "the law has invested Courts of justice with the authority to discharge a jury from giving any verdict, whenever, in their opinion, taking all circumstances into consideration, there is a manifest necessity for the act." United States v. Perez, 22 U.S. (9 Wheat.) 579 at 580, 6 L.Ed. 165 (1824). The Court then adds to the manifest necessity standard by stating that it is unwilling, "where it clearly appears that a mistrial has been granted *in the sole interest of the defendant*," (emphasis added) to hold that the granting of a mistrial and the subsequent retrial place the defendant in double jeopardy. 367 U.S. at 369, 81 S.Ct. at 1527. The *Gori* court affirmed the conviction (5–4) on retrial, finding that the first mistrial had in fact been declared in the sole interest of the defendant.

In *Jorn* the defendant was charged with willfully assisting in the preparation of fraudulent income tax returns. The Government's five witnesses were taxpayers whom the defendant had allegedly aided in the preparation of these returns. The trial court judge declared a mistrial prior to the direct examination of the first witness, refusing to believe the Government's assurances that all five witnesses had been warned of their rights by the Internal Revenue Service on initial contact.

Mr. Justice Harlan spoke for the Court and discussed the constitutional policies underpinning the fifth amendment guarantee. The double jeopardy prohibition represents a constitutional policy of finality for the defendant's benefit. Citing Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L. Ed.2d 199 (1957), Justice Harlan noted "that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty." 355 U. S. at 187–188, 78 S.Ct. at 223. Balanced against the constitutional considerations are the myriad practical problems inherent in trial proceedings, ranging from the health of all the participants to the sixth amendment speedy trial requirement in the face of today's scheduling problems.

The above often conflicting considerations force the Court to abandon any mechanical rule declaring when a retrial will be precluded on double jeopardy grounds. Justice Harlan discounts the "sole interest of defendant" test of *Gori*, declaring that "a limitation on the abuse-of-discretion principle based on an appellate court's assessment of which side benefited from the mistrial ruling does not adequately satisfy the policies underpinning the double jeopardy provision." 400 U.S. at 483, 91 S.Ct. at 556. A *sua sponte* judicial mistrial declaration deprives the defendant of his option to go to the first jury and have his trial completed by that particular tribunal. Harlan refers back to the *Perez* doctrine of manifest necessity, balances the considerations discussed above and concludes that the trial judge in *Jorn* abused his discretion and that to retry the defendant would have violated the double jeopardy provision of the fifth amendment.

We are compelled to make the same finding in the instant case. The defendant was at most five or ten minutes from the end of a two-day trial and was in Justice Harlan's words, "deprived of his option to go to the first jury and, perhaps, end the dispute then and there with an acquittal." 400 U.S. at 484, 91 S.Ct. at 557. We recognize that the trial judge is ordinarily in a superior position to determine when manifest necessity demands that a mistrial be declared, but the record before us does not disclose any of the conventional kinds of reasons felt to demand declaration of a mistrial on the court's own motion (e. g. jury unable to reach verdict after lengthy deliberation, letter published in newspaper rendering jurors impartiality suspect, military court martial discharged

due to tactical necessity in the field) 400 U.S. at 481, 91 S.Ct. 547. *See* State v. Reynolds, 11 Ariz.App. 532, 466 P.2d 405 (1970) where the trial court properly granted the prosecutor's motion for a mistrial over the objection of the defendant when a previous contempt citation of the defendant was reported in the newspapers and some of the jurors read the newspaper article. The record before us does not disclose a manifest necessity for *sua sponte* declaration of a mistrial.

For the above reasons we are compelled to grant the petitioner's special action and restrain the respondents from proceeding with the petitioner's retrial.

CAMERON, V. C. J., and STRUCK-MEYER and HOLOHAN, JJ., concur.