In the Matter of DANIEL W. GIRARD, Appellant, v. FREDERICK A. ROSSI, a Peace Justice of the Town of Irondequoit, et al., Respondents.

Fourth Department, November 2, 1972.

*Martin S. Handelman (V. Lee Ringler* of counsel), for appellant.

*Jack B. Lazarus, District Attorney (Edward J. Spires* of counsel), for respondents.

*Per Curiam.* On Monday, February 28, 1972 at 9:50 P.M. upon the completion of testimony from two of the People's witnesses, the respondent Town Justice declared a recess in the case of the People against Daniel W. Girard, the petitioner herein, due to the indisposition of the court stenographer. During a con-

ference in chambers with the Assistant District Attorney and defendant's counsel a discussion was had with respect to a continuance. Defendant's counsel said he was available any day or evening until the following Monday night, March 6, but that he would be away for part of that week and the next. The prosecutor asserted that he had a prior commitment on the following night (Tuesday) and the respondent Town Justice stated that the courtroom (there being only one such room in the Irondequoit Town Hall) was to be used Thursday night by the Town Board. Following this conference, the respondent Town Justice returned to the courtroom and on his own motion declared a mistrial due to the extenuating circumstances of the stenographer's illness. He set a new trial date three weeks ahead on Monday, March 20, 1972 at 8:00 P.M. Defendant objected to this course of action.

The petitioner, charged under six informations with offenses or misdemeanors arising out of an altercation between the petitioner and Irondequoit police officers on October 24, 1971, immediately instituted an article 78 proceeding in the nature of prohibition against respondents, Town Justice and District Attorney of Monroe County, to prohibit his prosecution on March 20, 1972 on the grounds of double jeopardy. Section 6 of article I of the Constitution of the State of New York provides: "No person shall be subject to be twice put in jeopardy for the same offense". The Fifth Amendment to the United States Constitution contains the same provision. He appeals from the dismissal of his article 78 petition by Special Term.

Concededly any court presiding over a criminal trial must exercise its own judgment when declaring a mistrial. This is a matter within judicial discretion (*People ex rel. Epting* v. *De Voe,* 284 App. Div. 1092, affd. 309 N. Y. 818) but it should be exercised only where taking all the circumstances into consideration there is a "manifest necessity" for so acting (*United States* v. *Jorn,* 400 U. S. 470, 485, citing *United States* v. *Perez,* 9 Wheat. [22 U. S.] 579, Story, J.), or where there is an "extreme or absolute necessity, as by illness or death" (*Matter of Nolan* v. *Court of General Sessions,* 11 N Y 2d 114, 119). The reasons for such guides to the exercise of discretion are plain. When the Trial Judge aborts the trial without the defendant's consent the defendant has been deprived of his "valued right to have his trial completed by a particular tribunal" (*Wade* v. *Hunter,* 336 U. S. 684, 689) and the trial court should consider "the importance to the defendant of being able, once and for all, to conclude his confrontation with society through

the verdict of a tribunal he might believe to be favorably disposed to his fate." (*United States* v. *Jorn, supra,* p. 486).

Taking all of the circumstances into consideration, we do not perceive any "manifest necessity" for the declaration of a mistrial in this case. There is nothing in the record to indicate that a reasonable continuance agreeable to both counsel could not have been arranged for Wednesday or Friday night of the same week or that the Assistant District Attorney could not have made some arrangements in order to be present Tuesday night. Even if the stenographer's "flu-type" illness was more than temporary, there is no showing that other court stenographers would not be available for Tuesday, Wednesday or Friday night. Further, the possibility of proceeding in the absence of a court stenographer could have been explored (CPL 460.10, subd. 3). We conclude that this is not a case when it was "physically impossible to proceed with the trial" (CPL 280.10, subd. 3); see *Matter of Ferlito* v. *Judges of County Ct. of Suffolk County,* 39 A D 2d 17). Any doubt which might exist between approving the exercise of uncertain judicial discretion and the liberty of a citizen should, of course, be resolved in favor of the citizen (*Downum* v. *United States,* 372 U. S. 734, 738).

The judgment should be reversed and the petition granted.

GOLDMAN, P. J., DEL VECCHIO, MARSH, CARDAMONE and HENRY, JJ., concur.

Judgment unanimously reversed and petition granted.