723 P.2d 92

Mildred McLAUGHLIN, Petitioner,

v.

The Honorable Philip FAHRINGER, Judge of the Superior Court of Pima County, Respondent,

and

The STATE of Arizona, Real Party in Interest.

No. CV–86–0239–SA.

Supreme Court of Arizona, En Banc.

July 29, 1986.

Frederic J. Dardis, Pima Co. Public Defender, Lori A. Petersen, Asst. Pima Co., Public Defender, Tucson, for petitioner.

Stephen D. Neely, Pima Co. Atty., John R. Gustafson, Deputy Pima Co. Atty., Tucson, for real party in interest.

GORDON, Vice Chief Justice.

Petitioner, Mildred McLaughlin, is charged with molesting her four-year-old great-granddaughter. Petitioner's trial ended after respondent judge *sua sponte* declared a mistrial over petitioner's objection. Petitioner subsequently filed a motion to dismiss the charges against her alleging prosecutorial misconduct and double jeopardy violations. The motion was denied and the instant petition for special action was filed. We have jurisdiction pursuant to Rule 3, Rules of Procedure for Special Actions, 17A A.R.S., and Ariz. Const. art. 6 § 5.

Petitioner is the 74–year-old great-grandmother of the victim. Petitioner lived next door to her grandson, his wife and their children. The wife noticed the victim, her four-year-old daughter, engage in certain sexual acts with the victim's two-year-old sister. The wife demanded that the victim tell her who had been doing this sort of thing to her. The victim ultimately said that she had been molested by petitioner ("Granny"). The victim subsequently told an employee from Child Protective Services, a sergeant with the Pima County Sheriff's office and a doctor that "Granny" had molested her.

Prior to trial the prosecutor filed a motion in limine which sought to admit all the statements the victim made regarding who molested her. The state's theory was that the statements were prior consistent state-ments and admissible pursuant to Rule 801(d)(1)(B), Arizona Rules of Evidence.[1] The day before trial lengthy oral argument was had on the motion and the following discussion took place:

"MS. NANNETTI: Your Honor, the third motion would be a request to allow the use of prior consistent statements under Rule 801(d) of the Arizona Rules of Evidence. I'm not sure of Mr. Cooper's position on that.

\* \* \* \* \* \*

MR. COOPER: Judge, yeah, Miss Nannetti has misconstrued that rule, Judge....

Judge, in this case we are not saying that there is recent fabrication. That's why prior consistent statements are admissible. It's then considered non-hearsay. They are admissible to rebut the inference of recent fabrication, otherwise they are not that. And in our case, there is absolutely no allegation that the child has recently fabricated anything. We are saying that the kid in, I believe, June of '85, claimed something and has pretty much steadily claimed it ever since. There is no recent fabrication. And that's the reason prior consistent statements came in.

\* \* \* \* \* \*

THE COURT: Isn't there a statute [A.R.S. § 13–1416] that provides for out of court statements given by children independent of whether there is any allegation of recent fabrication or whatever?

MR. COOPER: There is a statute but I don't think it's applicable in this case. There are certain provisions in the statute that haven't been complied with including notice prior to trial.

\* \* \* \* \* \*

MS. NANNETTI: I think one of the theories of the case—Mr. Cooper hasn't informed the Court, yes, [the victim] was

1. 17A A.R.S. Rules of Evidence, Rule 801(d)(1)(B) provides:

"A statement is not hearsay if—

The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is ... consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive, ...."

molested, but, no, it wasn't by the defendant. One of the theories of this is motive for the child to lie. I think that falls under the evidentiary rule, also. And I think it's real clear that [the victim's] statements have been very consistent about who is the perpetrator, and Mr. Cooper can correct me if I'm wrong, but I think their theory of the case will be that, yes, [the victim] was molested but not by the defendant.

THE COURT: Well, I'll tell you, Miss Nannetti, I don't feel I'm going to enter any order at this time, that the prior consistent statements are, you know, proclaimed to be admissible. If anything, at this point, I'm unpersuaded and I'm not going to enter an order before we start trial, if we get to it, that they can come into evidence. What I would like to do is, I think, maybe read the cases, see the issue crystallize a little bit. Tell you right now, subject to—frankly, I haven't read any of this stuff. I haven't thought about it, you know, until a minute ago."

Based on the above discussion it is clear that the trial court did not rule on the state's motion and took the matter under advisement. However, it is also clear that the prosecutor sought a pretrial ruling so that she could make an appropriate opening statement. At the end of the hearing the prosecutor again requested a ruling regarding her opening statement:

"MS. NANNETTI: My motion to—

THE COURT: Fine. Let's do it that way. We'll get the case to trial, God knows when.

**2. "§ 13-1416. Admissibility of minor's statement; notice**

   **A.** A statement made by a minor who is under the age of ten years describing any sexual offense performed with or on the minor by another person or any act of physical abuse of the minor, which is not otherwise admissible by statute or court rule, is admissible in evidence in any criminal or civil proceeding if both of the following are true:

   1. The court finds, in an in camera hearing, that the time, content and circumstances of the statement provide sufficient indicia of reliability.

MS. NANNETTI: I think it's hard for me to be able to do an opening statement.

THE COURT: I told you, you could refer to whatever you thought she would say.

MS. NANNETTI: If she can't testify, you say to the jury, 'Never mind.'

THE COURT: We'll have a mistrial then, that's what would happen.

Let's do it that way. We'll stagger around with the thing until next week."

The following day in the prosecutor's opening statement she stated that the victim was taken to a counseling center and told an employee, "Granny touches my private parts when she's not supposed to". Defense counsel objected based on hearsay and a discussion at the bench followed. The discussion revolved around whether the trial court did, in fact, rule on the state's motion and whether the statements could alternatively be admitted pursuant to A.R.S. § 13-1416.[2] Ultimately the trial court declared a mistrial *sua sponte* over petitioner's objection.

Per minute entry, the trial court noted that its reasons for declaring a mistrial were threefold: (1) the court did not want to inconvenience the jury with numerous interruptions in order to conduct evidentiary hearings pursuant to A.R.S. § 13-1416; (2) so the state could properly present admissible evidence; and (3) to protect the defendant's interest in not being surprised at trial by the use of the statements.

Since we do not believe there was any intentional prosecutorial misconduct the only issue is whether the declaration of a *sua sponte* mistrial by the trial court over

   2. Either of the following is true:

   (a) The minor testifies at the proceedings.

   (b) The minor is unavailable as a witness, provided that if the minor is unavailable as a witness, the statement may be admitted only if there is corroborative evidence of the statement.

   **B.** A statement shall not be admitted under this section unless the proponent of the statement makes known to the adverse party his intention to offer the statement and the particulars of the statement sufficiently in advance of the proceedings to provide the adverse party with a fair opportunity to prepare to meet the statement."

petitioner's objection would bar reprosecution of petitioner on double jeopardy grounds. We believe reprosecution would place petitioner twice in jeopardy.

■ The Double Jeopardy Clause of the Fifth Amendment protects a criminal defendant against multiple punishments or repeated prosecutions for the same offense and is applicable to the states through the Fourteenth Amendment. *State v. Solomon*, 125 Ariz. 18, 21, 607 P.2d 1, 4 (1980). The Arizona Constitution per art. 2 § 10 also affords double jeopardy protection to criminal defendants.

■ Jeopardy attaches as soon as the jury is impaneled and sworn. *Crist v. Bretz*, 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978); *State v. Solomon*, 125 Ariz. at 21, 607 P.2d at 4; *State v. Riggins*, 111 Ariz. 281, 283, 528 P.2d 625, 627 (1974). Since jeopardy did attach in this case we must now consider whether petitioner would be twice placed in jeopardy if her case proceeds to a second trial.

The decision whether to grant a mistrial is left to the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. *State v. Adamson*, 136 Ariz. 250, 263, 665 P.2d 972, 985 (1983). A mistrial negates the defendant's "valued right to have his trial completed by a particular tribunal". *United States v. Dinitz*, 424 U.S. 600, 606, 96 S.Ct. 1075, 1079, 47 L.Ed.2d 267 (1976); *State v. Marquez*, 113 Ariz. 540, 541–542, 558 P.2d 692, 693–694 (1976). An improperly declared mistrial is a bar to retrial, provided, however, that it was not declared with the defendant's consent. *State v. Fenton*, 19 Ariz.App. 274, 276, 506 P.2d 665, 667 (1973). In contrast, a motion for mistrial made by a defendant ordinarily will remove any bar to reprosecution except in circumstances "attributable to prosecutorial or judicial overreaching". *United States v. Dinitz, supra; State v. Marquez*, 113 Ariz. at 542, 558 P.2d at 694. In instances where the trial court declares a mistrial *sua sponte*, whether the Double Jeopardy Clause permits retrial without the defendant's consent depends on whether there is a manifest necessity for the mistrial or whether the ends of public justice will otherwise be defeated. *State v. Marquez, supra. See also Arizona v. Washington*, 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978); *United States v. Perez*, 22 U.S. (9 Wheat) 579, 6 L.Ed. 165 (1824).

The trial court is ordinarily in a superior position to determine when manifest necessity demands that a mistrial be declared. *Klinefelter v. Superior Court, County of Maricopa*, 108 Ariz. 494, 496, 502 P.2d 531, 533 (1972). Jeopardy may be removed for various legal reasons such as: the jury is unable to reach verdict after lengthy deliberation, illness of trial judge, newspaper coverage asserting bias rendering juror impartiality suspect, military court martial discharged due to tactical necessity. *See Klinefelter v. Superior Court, County of Maricopa, supra; State v. Riggins*, 111 Ariz. at 284, 528 P.2d at 628. The record in this case does not reveal any circumstances which we believe rise to the level of manifest necessity calling for the declaration of a *sua sponte* mistrial.

■ The record indicates that the trial court made no real effort to determine whether there were any feasible alternatives to declaring a mistrial. At the very least a short recess should have been pursued in order to determine if the statements in question were admissible and under what theory. Petitioner was without fault as to the quandary the judge found himself in when he had not promptly ruled upon the state's pretrial motions. Since the trial had begun, it is probable that the four relevant witnesses were either at the courthouse or "on call" and therefore could have been summoned to testify within a reasonable period of time. The trial court did not adequately explore the possibility of whether hearings pursuant to A.R.S. § 13–1416 could have been conducted that very day or the following day.

Since the prosecutor had barely begun her opening statement, there was virtually nothing for the jury to forget and the fact that the jury may have been excused for 24 to 48 hours maximum so that hearings

could be conducted is not a sufficient reason constituting manifest necessity. Furthermore, although defense counsel indicated that he would desire a continuance if the victim's prior statements were determined to be admissible,[3] that question had not been reached when the mistrial had been granted, since the trial court had never made a ruling on the admissibility of the statements. The trial court's concerns regarding jury inconvenience and defense counsel surprise were premature, especially since no inquiry was ever made of the jurors to determine whether a delay would actually inconvenience them.

No manifest necessity existed for the *sua sponte* declaration of a mistrial. Despite the state's contentions, we believe the record reveals that defense counsel did adequately object to the mistrial. We remand to the trial court with instructions to dismiss the charges against petitioner. Relief granted.

HOLOHAN, C.J., and HAYS, CAMERON, and FELDMAN, JJ., concur.

**3.** We do not reach the question of whether any of the statements in question were admissible and, if so, under what theory. Nor do we reach the issue of whether the notice provisions of A.R.S. § 13–1416 were complied with adequately. Under any theory, the admissibility of the victim's third party statements should have been decided by the trial court prior to opening statements; since there was no ruling on the motion the prosecutor took a calculated risk of tainting the jury by reference to such statements.