778 P.2d 643

**STATE of Arizona, Appellant,**

v.

**Prentice GIVENS, Appellee.**

**No. 1 CA–CR 88–209.**

Court of Appeals of Arizona,
Division 1, Department B.

Aug. 10, 1989.

quests as advice and information only and

Richard M. Romley, Maricopa County Atty. by H. Allen Gerhardt, Deputy County Atty., Phoenix, for appellant.

Wisdom, Logan & McNulty by Mary K. Wisdom, Phoenix, for appellee.

OPINION

EUBANK, Judge.

The issue raised in this appeal is whether the *sua sponte* declaration of a mistrial by the trial court over both the defendant's and state's objections would bar reprosecution of defendant on double jeopardy may act thereon at its discretion.

grounds where defendant's conduct gave rise to the declaration of mistrial. We hold that reprosecution, under the circumstances, would not place defendant twice in jeopardy.

## FACTS

Defendant was charged by indictment with armed robbery, a class 2 felony, in violation of A.R.S. §§ 13–1904, 13–1901, 13–1902. The case was assigned to Judge Gloria G. Ybarra for trial. The matter was transferred to Judge Michael D. Ryan for selection of the jury. After the jury was selected, defendant personally moved for a Rule 11 examination, Arizona Rules of Criminal Procedure, which was denied. Defendant's counsel did not join in the request. However, Judge Ryan advised the defendant that he would be contacted by the Correctional Health Services before trial on November 9, 1987. Thereafter, the jury was sworn and excused until the trial date. On November 9th, the matter was called by Judge Ybarra, then continued until the next day. On the 10th, after discussion with counsel, Judge Ybarra declared a mistrial on her own motion, which was objected to by the state. She was confronted with a jury that had been on hold for a week being placed on indefinite hold pending trial. She then ordered a Rule 11 examination of defendant. After the defendant was found to be competent on December 22, 1987, the case was reassigned to Judge Pro Tempore Thomas Dunevant III for trial. Following a pretrial conference on February 9, 1988, Judge Dunevant dismissed the case on double jeopardy grounds. The state has appealed from the dismissal.

On appeal, the state argues that Judge Ybarra was in the best position to decide whether manifest necessity existed so as to justify a mistrial. Her finding, the state contends, was not an abuse of discretion. The state also argues that it was the defendant's conduct which necessitated the mistrial and therefore retrial is not barred by double jeopardy.

Defendant argues the trial court did not abuse its discretion in dismissing the indictment on double jeopardy grounds after Judge Ybarra failed to consider feasible alternatives before declaring a mistrial.

## DISCUSSION

The Double Jeopardy Clause of the Fifth Amendment protects a criminal defendant against repeated prosecutions for the same offense and is applicable to the states through the Fourteenth Amendment. *State v. Soloman,* 125 Ariz. 18, 21, 607 P.2d 1, 4 (1980). In those cases where the trial court declares a mistrial *sua sponte,* whether the Double Jeopardy Clause permits retrial without defendant's consent "depends on whether there is a manifest necessity for the mistrial or whether the ends of public justice will otherwise be defeated." *McLaughlin v. Fahringer,* 150 Ariz. 274, 277, 723 P.2d 92, 95 (1986); *see also Arizona v. Washington,* 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978); *United States v. Perez,* 22 U.S. (9 Wheat) 579, 6 L.Ed. 165 (1824). A mistrial declared because of manifest necessity does not bar a new trial. *Arizona v. Washington, supra,* 434 U.S. at 505, 98 S.Ct. at 830. In fact, where for reasons deemed compelling by the trial judge the ends of substantial justice cannot be attained without discontinuing the trial, a mistrial may be declared without the defendant's consent and even over his objection, and he may be retried consistently with the Fifth Amendment. *Gori v. United States,* 367 U.S. 364, 81 S.Ct. 1523, 6 L.Ed.2d 901 (1961); *Illinois v. Somerville,* 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973).

The trial court is ordinarily in a superior position to determine when manifest necessity demands that a mistrial be declared. *Klinefelter v. Superior Court, County of Maricopa,* 108 Ariz. 494, 496, 502 P.2d 531, 533 (1972). Thus, it is a well established rule that the decision to grant a mistrial is left to the sound discretion of that trial court and will not be reversed on appeal absent an abuse of discretion. *State v. Adamson,* 136 Ariz. 250, 263, 665 P.2d 972, 985 (1983).

280

## APPLICATION OF DOUBLE JEOPARDY TO THIS CASE

██ The defendant in this case relies on *McLaughlin v. Fahringer, supra,* and argues that because the trial court failed to consider feasible alternatives before declaring a mistrial, its finding of manifest necessity was an abuse of discretion. In *McLaughlin,* the court held that a declaration of a mistrial *sua sponte* by the trial court, over defendant's objection, barred reprosecution of the defendant on double jeopardy grounds, where the trial court's concern about delaying a determination of admissibility of evidence did not rise to the level of manifest necessity. The court in *McLaughlin* relied in part on the fact that "[p]etitioner [defendant] was without fault as to the quandry the judge found himself in when he had not promptly ruled on the state's pretrial motions." 150 Ariz. at 277, 723 P.2d at 95. The court correctly observed that an important issue to consider in a double jeopardy case is whether the defendant was responsible for or initiated the action which terminated the proceedings. We find *McLaughlin* unpersuasive as applied to the facts of this case.

The general rule is that jeopardy attaches as soon as the jury is empaneled and sworn. *McLaughlin,* 150 Ariz. at 277, 723 P.2d at 95; *Crist v. Bretz,* 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978). However, an exception to the general rule was recognized in *United States v. Scott,* 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978), which was decided on the same day as *Crist.* The defendant in *Scott* moved to dismiss two' counts of an indictment before trial, and twice during the trial. The dismissal was granted and an appeal of the dismissal by the government was held to be barred by the Double Jeopardy Clause. The Supreme Court held, however, that the Double Jeopardy Clause would not relieve a defendant from the consequences of his voluntary choice by prohibiting a retrial. *Id.* 437 U.S. at 101, 98 S.Ct. at 2199. Although jeopardy attaches as soon as the jury is empaneled and sworn, as in *Crist* and *McLaughlin,* a defendant is not insulated from the consequences of his own voluntary choices "to have the trial termi-

nated without any submission to either judge or jury as to his guilt or innocence...." *Id.* The case *sub judice* is a case, like *Scott,* where the "defendant is responsible for the second prosecution." *Id.* 437 U.S. at 96, 98 S.Ct. at 2196.

The court in *McLaughlin* was not confronted with a case where the defendant deliberately chose to delay or terminate the proceedings against him, after the jury was empaneled, and against the judgment of his counsel. Specifically, *Scott* held:

> We think that ... the defendant, by deliberately choosing to seek termination of the proceedings against him on a basis unrelated to factual guilt or innocence of the offense of which he is accused, suffers no injury cognizable under the Double Jeopardy Clause if the Government is permitted to appeal from such a ruling of the trial court in favor of the defendant. We do not thereby adopt the doctrine of 'waiver' of double jeopardy.... Rather, we conclude that the Double Jeopardy Clause, which guards against Government oppression, does not relieve a defendant from the consequences of his voluntary choice.

> .   .   .   .   .

> He has not been 'deprived' of his valued right to go to the first jury; only the public has been deprived of its valued right to 'one complete opportunity to convict those who have violated its laws.' *Arizona v. Washington, supra,* 434 U.S. at 509, 98 S.Ct. at 832.

437 U.S. at 98–100, 98 S.Ct. at 2198. We conclude that *McLaughlin* should not be extended beyond its facts to a case where defendant's own actions caused the mistrial. This is not a case where the state is "relentlessly pursuing a defendant who had either been found not guilty or who had at least insisted on having the issue of guilt submitted to the first trier of fact." *Id.* 437 U.S. at 96, 98 S.Ct. at 2196.

It is clear from the record here that defendant's conduct was a deliberate attempt to delay or terminate the proceedings against him on a basis unrelated to a factual determination of his guilt or inno-

cence. Rule 16, Arizona Rules of Criminal Procedure, requires that all motions shall be made no later than 20 days before trial. If not timely, all such motions are precluded. As pointed out earlier, it was not until *after* the jury was empaneled that counsel for defendant advised the court that she did not feel there were any grounds to move the court for a Rule 11 evaluation, but that defendant nevertheless wanted to address the court regarding his competency. This last ditch effort on the part of the defendant is tantamount to a deliberate election on his part to disavow his valued right to have his guilt or innocence speedily determined before the first trier of fact. The important consideration for purposes of the Double Jeopardy Clause, in this case, is that the defendant was solely responsible for the declaration of mistrial. We find *Scott* persuasive and consider that the defendant has not been deprived of his right to have his case tried before the first jury because his own untimely Rule 11 motion caused the case to be removed from the first jury. It is the public that has been deprived of "one complete opportunity" to try the defendant. *Arizona v. Washington,* 434 U.S. at 509, 98 S.Ct. at 832.

## WAS THERE MANIFEST NECESSITY FOR THE SUA SPONTE DECLARATION OF MISTRIAL?

In *Gori v. United States,* 367 U.S. 364, 81 S.Ct. 1523, 6 L.Ed.2d 901 (1961), the Supreme Court upheld a *sua sponte* declaration of mistrial under the doctrine of "manifest necessity" when the trial judge not only failed to discuss all the factors pertaining to his decision, but neglected even to state the grounds for the mistrial. The Court held that

> [w]here, for reasons deemed compelling by the trial judge, who is best situated intelligently to make such a decision, the ends of substantial justice cannot be attained without discontinuing the trial, a mistrial may be declared without the defendant's consent and even over his objection, and he may be retried consistently with the Fifth Amendment.

367 U.S. at 368, 81 S.Ct. at 1526, 6 L.Ed.2d at 904. Manifest necessity does not mean absolute necessity that a judge declare a mistrial. There are various "degrees of necessity and we require a 'high degree' before concluding that a mistrial is appropriate." *Arizona v. Washington,* 434 U.S. at 506, 98 S.Ct. at 831 (footnote omitted). In reviewing such an action by a trial court, we must accord great deference to the trial court's sound discretion in declaring a mistrial. A trial court has acted within its sound discretion in rejecting possible alternatives and in granting a mistrial, if reasonable judges could differ about the proper disposition, even though "[i]n a strict literal sense, the mistrial [is] not 'necessary.'" *Id.* at 511, 98 S.Ct. at 833. This deference means that the mere availability of another alternative does not render a mistrial order an abuse of discretion.

Whether or not there has been an "abuse of discretion" sufficient to bar retrial cannot be determined without reference to the purpose and effect of the mistrial ruling. In this case we can find no abuse of the trial process resulting in prejudice to the accused such as to outweigh society's interest in the punishment of crime. "Suffice that we are unwilling, where it clearly appears that a mistrial has been granted in the sole interest of the defendant, to hold that its necessary consequence is to bar all retrial." *Gori v. United States,* 367 U.S. at 369, 81 S.Ct. at 1527, 6 L.Ed.2d at 905.

Judge Ybarra's declaration of mistrial on her own motion was premised on her inability to admonish the jury during the potentially protracted Rule 11 evaluation. It is clear that the mistrial was declared only to protect the defendant's right to an impartial jury. Judge Ybarra was faced with a jury, which had already been on hold for about a week, being placed on indefinite hold. Without being able to admonish and police the jury, Judge Ybarra exercised her discretion and declared the mistrial in the primary interest of the defendant. We cannot say that Judge Ybarra's declaration of mistrial was so abrupt as to preclude her consideration of possible alternatives. To the contrary, we must assume that the reasons, both articulated and unarticulated,

were compelling enough that the ends of substantial justice could not be obtained without discontinuing the trial. It is in this context of manifest necessity rather than simply in terms of good trial practice that we assess a trial court's alleged abuse of discretion in deciding a question of double jeopardy. We find that no such abuse of discretion occurred in this case and hold that the *sua sponte* declaration of a mistrial by the trial court, over defendant's objection, does not bar reprosecution on double jeopardy grounds where defendant's own conduct gave rise to the declaration of mistrial.

The order of dismissal is reversed. This matter is reinstated and remanded to the trial court for further proceedings.

CONTRERAS, P.J., and HAIRE, J. Retired, concur.