IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

THE STATE OF ARIZONA, ) 2 CA-CR 2011-0357
) DEPARTMENT B
Appellant, )
) O P I N I O N
v. )
)
ALYSSA MARIE BURR, )
)
Appellee. )
)

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR20101572001

Honorable Paul E. Tang, Judge

VACATED AND REMANDED

Barbara LaWall, Pima County Attorney
 By Nicolette Kneup                                                                  Tucson
                                                              Attorneys for Appellant

Anthony J. Abruzzo                                                              Tucson
                                                               Attorney for Appellee

K E L L Y, Judge.

¶1          The State of Arizona appeals from the trial court's ruling dismissing, on

grounds of double jeopardy, charges against appellee Alyssa Burr. The state argues the

court erred by overruling another superior court judge's finding that manifest necessity

required a declaration of mistrial in Burr's previous trial. Because the trial court erred, we vacate its ruling and remand.

## Background

¶2        We view the facts in the light most favorable to sustaining the trial court's dismissal. *State v. Rasch*, 188 Ariz. 309, 312, 935 P.2d 887, 890 (App. 1996). Burr was charged with four counts of aggravated driving under the influence. The jury was empanelled and sworn on the first day of trial. The following day, the trial court was informed that the assigned prosecutor, who was not present, "had a death in the family and [would] not be able to continue with the prosecution of the case." After speaking with the prosecutor's supervisor and defense counsel in chambers, the court found that it would not be "fair to the State under the circumstances" to "force another attorney to take the case." The court then declared a mistrial.

¶3        Following the mistrial, the case was reassigned to a new judge and was again set for trial. Prior to trial, Burr filed a motion to dismiss, arguing the trial court had erred in declaring the mistrial and that prosecution, therefore, was barred by the prohibition against double jeopardy. After a hearing, the court issued an under-advisement ruling granting the motion, concluding the declaration of "mistrial was not warranted" and dismissing the charges against Burr with prejudice. This appeal by the state followed.

## Discussion

¶4        The state argues the trial court erred by dismissing the charges with prejudice because "manifest necessity" existed for the mistrial and, therefore, retrial was

2

not barred by the protection against double jeopardy. We review for an abuse of discretion a court's ruling on a motion to dismiss an indictment. *State v. Pecard*, 196 Ariz. 371, ¶ 24, 998 P.2d 453, 458 (App. 1999). An abuse of discretion occurs when the court commits an error of law, *State v. Sprang*, 227 Ariz. 10, ¶ 5, 251 P.3d 389, 391 (App. 2011), or when its exercise of discretion "'is manifestly unreasonable, exercised on untenable grounds or for untenable reasons,'" *State v. Wassenaar*, 215 Ariz. 565, ¶ 11, 161 P.3d 608, 613 (App. 2007), *quoting State v. Woody*, 173 Ariz. 561, 563, 845 P.2d 487, 489 (App. 1992).

**¶5** Both the Arizona and United States Constitutions bar a defendant from being placed in jeopardy twice for the same offense. U.S. Const. amend. V; Ariz. Const. art. II, § 10; *see also McLaughlin v. Fahringer*, 150 Ariz. 274, 277, 723 P.2d 92, 95 (1986). "Jeopardy attaches as soon as the jury is impaneled and sworn." *McLaughlin*, 150 Ariz. at 277, 723 P.2d at 95. Thus, because "[a] mistrial negates the defendant's 'valued right to have [her] trial completed by a particular tribunal,' . . . [a]n improperly declared mistrial is a bar to retrial, . . . [if it] was not declared with the defendant's consent." *Id.* (citations omitted), *quoting United States v. Dinitz*, 424 U.S. 600, 606 (1976). However, when a "court declares a mistrial sua sponte, retrial will not be barred if there was a 'manifest necessity for the mistrial or . . . the ends of public justice will otherwise be defeated.'" *State v. Aguilar*, 217 Ariz. 235, ¶ 10, 172 P.3d 423, 426 (App. 2007), *quoting McLaughlin*, 150 Ariz. at 277, 723 P.2d at 95.

**¶6** "'Manifest necessity' can arise in many different situations[,] and the courts have not attempted to adopt a single, all encompassing definition." *Id.* ¶ 14. And,

3

"[a]lthough absolute necessity is not required, the United States Supreme Court has said there are various 'degrees of necessity and we require a "high degree" before concluding that a mistrial is appropriate.'" *Id*. (citation omitted), *quoting Arizona v. Washington*, 434 U.S. 497, 506 (1978). This "high degree" standard may be satisfied when a key participant in the proceedings is absent unexpectedly and suddenly. *See United States v. Holley*, 986 F.2d 100, 104 (5th Cir. 1993) (sickness of juror or judge manifest necessity for mistrial); *United States v. Smith*, 390 F.2d 420, 425 (4th Cir. 1968) (finding manifest necessity "when a participant in the proceedings dies or becomes ill"); *United States v. Stein*, 140 F. Supp. 761, 763-65 (S.D.N.Y. 1956) (retrial not barred following mistrial due to illness of defendant); *Westover v. State*, 66 Ariz. 145, 149, 185 P.2d 315, 317 (1947) (jeopardy does not attach following mistrial due to judge's illness); *State v. Anderson*, 988 A.2d 276, 278, 283-84 (Conn. 2010) (mistrial proper when prosecutor suddenly became seriously ill and unable to continue); *People v. Portalatin*, 433 N.Y.S.2d 57, 57-58 (Sup. Ct. 1980) (mistrial proper when based on illness in juror's family); *Ex parte Masonheimer*, 220 S.W.3d 494, 512 (Tex. Crim. App. 2007) (defense-requested mistrial granted "in the interest of justice" because of death in family of prosecutor). *But see United States v. Watson*, 28 F. Cas. 499, 500-01 (S.D.N.Y. 1868) (mistrial not reasonable when record did not indicate prosecutor's illness occurred after jury sworn or impossible for another prosecutor to conduct trial); *People v. McJimson*, 185 Cal. Rptr. 605, 608-10 (Ct. App. 1982) (mistrial not reasonable when prosecutor absent due to short-term illness and substitute prosecutor could have been assigned to

case); *Girard v. Rossi*, 337 N.Y.S.2d 34, 36-37 (App. Div. 1972) (absence of stenographer due to illness not manifest necessity for mistrial).

¶7 In ruling on the motion to dismiss in this case, the trial court reviewed the record of the earlier mistrial and the original trial court's finding before concluding that manifest necessity did not exist and that, "[i]n fact, the record amply supports the finding that mistrial was not warranted." But the new court was not permitted to conduct a de novo review of the original court's finding of manifest necessity; the original court's finding was the law of the case. *See Dancing Sunshines Lounge v. Indus. Comm'n*, 149 Ariz. 480, 482, 720 P.2d 81, 83 (1986) ("[T]he decision of a court in a case is the law of that case on the issues decided throughout all subsequent proceedings in both the trial and appellate courts, provided the facts, issues and evidence are substantially the same as those upon which the first decision rested."). Instead, the new court should have determined whether the prior court had stated a reasoned, proper basis for the mistrial based on the circumstances which were evident from the record, *see Washington*, 434 U.S. at 514-16, and, if so, whether that finding permitted retrial, *Aguilar*, 217 Ariz. 235, ¶ 10, 172 P.3d at 426.

¶8 The basis for the mistrial—the prosecutor's sudden absence due to a death in her family—was documented in the record. The original trial court was told the prosecutor would be unable to continue with the case at that time. Because the court concluded it would be unfair to the state to require another prosecutor to take over the case under these circumstances, the court declared a mistrial. Because defense counsel—who had been present at the in-chambers discussion—did not object to this ruling, we

5

assume counsel agreed with the court's conclusion that it would be unfair and against the interests of justice to force another prosecutor to take over the case mid-trial. The court's decision is "entitled to special respect" because it was in the best position, having just met in chambers with counsel, to assess the impact of a change in prosecutors. *Washington*, 434 U.S. at 510, 515. Thus, the court had a reasonable basis for its conclusion that the prosecutor's absence constituted a manifest necessity for the mistrial.

¶9        Burr counters there was no manifest necessity because the trial court did not consider alternatives to a mistrial. But the transcript of the ruling from the bench belies this assertion; the court's statement, made immediately following its conference with the prosecutor's supervisor and defense counsel, indicates it believed it had few options.[1] The court explained that although it could "force another attorney to take the case," this measure would be an unjust burden on the state. And "we must assume that the reasons, both articulated and unarticulated, were compelling enough that the ends of substantial justice could not be obtained without discontinuing the trial." *State v. Givens*, 161 Ariz. 278, 281-82, 778 P.2d 643, 646-47 (App. 1989). Moreover, the "mere availability of another alternative does not render a mistrial order an abuse of discretion." *Id.* at 281, 778 P.2d at 646. Because the court reasonably could have found the public's

---

[1]The record indicates that, prior to the ruling from the bench, the parties and the judge met in chambers to discuss the prosecutor's absence. Though no transcript of this meeting is available, it appears, from the statements on the record, that the parties discussed possible courses of action. It is apparent from the ruling that the new trial court relied heavily on the absence of a transcript of the in-chambers conference to support its finding that manifest necessity did not exist, but such reliance was error. *See Kohler v. Kohler*, 211 Ariz. 106, n.1, 118 P.3d 621, 623 n.1 (App. 2005) (in absence of transcript, reviewing court must presume it supports ruling court's decision); *State v. Superior Court*, 150 Ariz. 18, 20-21, 721 P.2d 676, 678-79 (App. 1986) (same).

interest that justice be done required the declaration of a mistrial, double jeopardy did not bar retrial. *See Aguilar*, 217 Ariz. 235, ¶ 10, 172 P.3d at 426. Consequently, when the new court reviewed de novo the original court's finding that manifest necessity existed, rather than accepting that finding as the law of the case and reasonable under the circumstances presented, it erred. Therefore, its dismissal of the charges with prejudice was an error of law and an abuse of its discretion.[2] *See Sprang*, 227 Ariz. 10, ¶ 5, 251 P.3d at 391; *Wassenaar*, 215 Ariz. 565, ¶ 11, 161 P.3d at 613.

### Disposition

¶10 The trial court's ruling is vacated, and the case is remanded for proceedings consistent with this decision.

/s/ *Virginia C. Kelly*
_____
VIRGINIA C. KELLY, Judge


CONCURRING:

/s/ *Garye L. Vásquez*
_____
GARYE L. VÁSQUEZ, Presiding Judge


/s/ *Philip G. Espinosa*
_____
PHILIP G. ESPINOSA, Judge

---

[2]The state contends, in the alternative, that Burr consented to the mistrial, thereby waiving any claim of double jeopardy. However, when a mistrial is declared for manifest necessity or to further the public's interest in justice, even over a defendant's objection, jeopardy does not attach. *Jones v. Kiger*, 194 Ariz. 523, ¶ 8, 984 P.2d 1161, 1164 (App. 1999). Thus, as the state correctly notes, consent would be relevant only if the trial court's declaration of mistrial had been improper. *McLaughlin*, 150 Ariz. at 277, 723 P.2d at 95.

7