NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

FRANCISCO SANTIAGO TAPIA MUNOZ, *Appellant*.

No. 1 CA-CR 24-0559
FILED 01-27-2026

---

Appeal from the Superior Court in Yuma County
No. S1400CR202201349
The Honorable David M. Haws, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph Newberg
*Counsel for Appellee*

Zachary Law Group PLC, Mesa
By Jessica Zachary
*Counsel for Appellant*

_____

## MEMORANDUM DECISION

Judge Veronika Fabian delivered the decision of the Court, in which Presiding Judge James B. Morse Jr. and Judge Anni Hill Foster joined.

_____

**F A B I A N**, Judge:

**¶1**       Francisco Santiago Tapia Munoz appeals a jury verdict finding him guilty of misconduct involving weapons, arguing testimony in violation of an order in limine prejudiced the jury.[1] Because Tapia Munoz shows no error, the guilty verdict and sentence are affirmed.

### FACTS AND PROCEDURAL HISTORY

**¶2**       Two deaths by gunshot occurred early on November 12, 2022. About 12 hours later, after a police pursuit, Tapia Munoz was arrested as a suspect.

**¶3**       The police searched Tapia Munoz's vehicle and found a gun inside. While in the holding cell, Tapia Munoz said, without any prompting, "[i]s my gun going to be returned?" and "[i]t is not necessary to take the gun today."

**¶4**       A grand jury indicted Tapia Munoz on two counts of first-degree murder and one count each of attempted first-degree murder, aggravated assault, misconduct involving weapons ("prohibited possession"), and unlawful flight from a pursuing law enforcement vehicle. Tapia Munoz was indicted for prohibited possession because as a prior convicted felon, he was prohibited from possessing a firearm. At Tapia Munoz's request, the court severed the prohibited possession charge from the other charges ("non-severed counts"). *See* Ariz. R. Crim. P. 13.4.

**¶5**       The trial for the non-severed counts occurred first ("non-severed trial"). A 12-person jury deliberated and convicted Tapia Munoz as charged. Tapia Munoz appealed those convictions and sentences in a separate appeal. *See State v. Tapia-Munoz*, 160 Ariz. 39 (App. 2025).

_____

[1] Tapia Munoz also argues on appeal that he was entitled to a 12-person jury. This Court addresses that in a separate opinion. *See* Ariz. R. Civ. App. P. 28(c); Ariz. R. Sup. Ct. 111(h).

**¶6**         Prior to the severed trial for prohibited possession, Tapia Munoz filed a motion in limine to preclude evidence related to the non-severed trial. The State stipulated not to introduce evidence related to the non-severed charges and the court granted the motion.

**¶7**         During the prohibited possession trial, an officer involved in Tapia Munoz's arrest testified as follows:

> State: Were you involved in the apprehension of Mr. Tapia Munoz?
>
> Witness: Yes, I was.
>
> State: And can you tell us what day that was?
>
> Witness: It was on November 12th, 2022.
>
> …
>
> State: And on November 12th, 2022, you were on duty that day?
>
> Witness: Yes, I was.
>
> State: And did you receive a call sometime in the morning?
>
> Witness: Yes.
>
> State: And what was the nature of the call?
>
> Witness: Very early in the morning that day, yes.
>
> State: What was the nature of the call?
>
> Witness: Someone shooting at someone else.

Tapia Munoz objected, moved to strike, and asked that the question be rephrased, which the court sustained. The testimony then continued:

> State: Were you called to find Mr. Tapia Munoz?
>
> Witness: I was, yes.

¶8        At Tapia Munoz's request, the court then held a bench conference. During the bench conference, outside the presence of the jury, Tapia Munoz moved for a mistrial based on the order in limine, arguing the testimony "was the very prejudice we wanted to avoid." The State responded:

> All the jury knows at this point, Judge, is that [the witness] was involved in a shooting call at some point that day. There is an eight-hour period of time between when he first arrived on scene near the city hall, and when he was hunting down Mr. Tapia in the red burgundy Buick. I think some clarifying questions can fix that.

¶9        The court allowed the State to ask clarifying questions but gave instructions that all witnesses be informed not to testify regarding "the shooting," "the homicides," or "the evidence collected" in reference to the homicides and warned it could still declare a mistrial.

¶10        When the jury reconvened, the court immediately advised that the last question and answer were stricken and not to be considered. The State's questioning continued, revealing the officer, as one of only two officers on shift at a time, was very busy and handled "all cases" and personally responded to "most of the calls" on November 12, 2022. He also testified that the stop of Tapia Munoz occurred at approximately 12:40 p.m.

¶11        At the conclusion of the testimony, Tapia Munoz again moved for mistrial, arguing the jury could not ignore prejudicial evidence of the shooting investigation, particularly given it also heard testimony that Tapia Munoz was fleeing law enforcement and was being charged with the prohibited possession of a gun. The State countered that testimony that the witness was busy sufficiently separated the shooting investigation from the prohibited possession charge. The court denied the request for mistrial, admonished the State to instruct its witnesses not to mention the shooting, and warned it would declare a mistrial if it happened again.

¶12        The court then gave the jury the following curative instruction:

> Earlier in the early part of the sergeant's testimony, he talked about investigating a shooting. And that's a fact that's not really relevant for this trial, but earlier the night

4

> before, he was involved in investigating a shooting. That shooting is not connected or relevant to the charge in this case.
>
> He shouldn't have mentioned it. I instructed him not to mention it. I have stricken it. So I'm giving you a direction, you're not to consider that issue at all in your deciding whether the State has proved this charge in this case.
>
> So you—that is not evidence you can consider. You're not to consider it.

When the court asked the jurors if any of them would have difficulty following that instruction, no juror responded.

¶13     The following day, Tapia Munoz filed a written motion for mistrial, again arguing the evidence was extremely prejudicial and could not be cured through a limiting instruction. The court again denied his motion.

¶14     The jury found Tapia Munoz guilty of prohibited possession of a gun. The court sentenced him to a presumptive term of 12 years to run concurrent with his non-severed sentences. This Court has jurisdiction over Tapia Munoz's timely appeal pursuant to Article VI, Section 9 of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

## DISCUSSION

### I.    The Court Did Not Err in Denying Requests for Mistrial Because Any Prejudice Was Cured and the Evidence Was Overwhelming.

¶15     Tapia Munoz argues the court erred in denying his request for mistrial based on testimony in violation of the order in limine. This Court reviews denial of a motion for mistrial for abuse of discretion. *State v. Jones*, 197 Ariz. 290, 304 ¶ 32 (2000). The superior court did not abuse its discretion here.

¶16     "A declaration of a mistrial is the most dramatic remedy for trial error and should be granted only when it appears that justice will be thwarted." *State v. Adamson*, 136 Ariz. 250, 262 (1983). A court must make a "real effort to determine whether there were any feasible alternatives to declaring a mistrial." *McLaughlin v. Fahringer*, 150 Ariz. 274, 277 (1986).

Feasible alternatives include admonishment, curative instructions, and asking the jurors whether the error affected their ability to remain impartial. *See State v. Woods*, 237 Ariz. 214, 219 ¶¶ 18-19 (App. 2015). "A trial court is in the best position to determine an appropriate remedy for trial error that will preserve a defendant's right to a fair trial." *State v. Herrera*, 203 Ariz. 131, 135 ¶ 6 (App. 2002).

**¶17** A court does not abuse its discretion in denying a mistrial when it gives appropriate limiting instructions without drawing additional attention to testimony that makes "relatively vague references to other unproven crimes and incarcerations." *Jones*, 197 Ariz. at 304-05 ¶¶ 33-34.

**¶18** Here, the court acted within its broad discretion in determining the objectionable testimony could be cured and denying the motion for mistrial. The testimony included a relatively vague and isolated reference to evidence precluded by the order in limine. The court took several appropriate steps to cure that reference by striking the testimony, allowing follow-up testimony, providing a limiting instruction, and asking the jurors whether the error affected their impartiality. *See id.* at 304-05 ¶¶ 33-34; *Woods*, 237 Ariz. at 219 ¶¶ 18-19.

**¶19** Tapia Munoz also argues that excusing the jury immediately after the witness testified to the objectionable facts, "ordering the testimony be stricken from the record," and issuing a "lengthy curative instruction" all drew additional attention to the improper testimony.

**¶20** Although Tapia Munoz points out an inherent risk in curative instructions, such instructions can mitigate prejudice and juries are presumed to follow them. *See State v. Pedroza-Perez*, 240 Ariz. 114, 117 ¶ 13 (2016); *State v. Dann*, 205 Ariz. 557, 571 ¶ 48 (2003). The jury here expressly affirmed they could follow the court's instructions. With respect to the order striking the testimony, the court instructed the jury they must not consider evidence or testimony stricken from the record. The court also instructed the jury that the purpose of bench conferences is "not to keep relevant information from you. . . . Do not consider my granting or denying a request for a conference as any indication of my opinion of the case, or what your verdict should be." After trial, the court again instructed the jury that "[i]f an exhibit was offered into evidence and an objection to it was sustained, you must not consider that exhibit as evidence. If testimony was ordered stricken from the record, you must not consider that testimony for any purpose."

**¶21**      Tapia Munoz also argues the court erred because it "failed to individually poll the jurors to ensure they would not be influenced by the improperly admitted testimony." Because Tapia Munoz raises this issue for the first time on appeal, this Court reviews for fundamental error. *State v. Escalante*, 245 Ariz. 135, 138 ¶ 1 (2018). Although this Court has acknowledged that "courts commonly require trial judges to poll jurors when their impartiality is called into question," the purpose of individual polling is to determine whether a particular juror has been exposed to "potentially prejudicial information." *Woods*, 237 Ariz. at 221 ¶¶ 27-28. However, Tapia Munoz does not provide, and this Court could not locate, any legal authority requiring courts to do so when a jury's exposure to potentially prejudicial evidence is evident as in this case.

**¶22**      Even if error occurred, such error was harmless given the overwhelming evidence, such that "any reasonable jury could only have reached one conclusion." *State v. Anthony*, 218 Ariz. 439, 446, ¶ 41 (2008). Officers testified they saw Tapia Munoz flee the car and watched until it was towed to a secure parking lot at the police department. A gun was found and photographed in the secured car after a search warrant was served. Without prompting, Tapia Munoz admitted the gun belonged to him and testified he had the gun despite knowing he was not supposed to have a gun because of his prior criminal history. Tapia Munoz's fingerprints matched fingerprints recorded for prior convictions. Because the evidence was overwhelming, any error was harmless.

## CONCLUSION

**¶23**      Because no error was shown, the conviction and sentence are affirmed.



MATTHEW J. MARTIN • Clerk of the Court

**FILED**:    JT