915 P.2d 1225

**The STATE of Arizona, Appellee,**

v.

**David J. KILLEAN, Appellant.**

No. CR–95–0455–PR.

Supreme Court of Arizona,
En Banc.

May 7, 1996.

Grant Woods, the Attorney General by Paul J. McMurdie, Chief Counsel Criminal Appeals Section and Jon G. Anderson, Assistant Attorney General, Phoenix, for Appellee.

Dean W. Trebesch, Maricopa County Public Defender by James H. Kemper, Phoenix, for Appellant.

## OPINION

LIVERMORE, Judge.*

Defendant was charged with possession of marijuana for sale and transportation of marijuana for sale after he was arrested at the Phoenix airport with a suitcase containing twenty-three pounds of marijuana. His defense, revealed for the first time at trial in defense counsel's opening statement, was that the suitcase belonged to a friend named Ed Kenefick who had traveled from Newark to Tucson with defendant and who had asked defendant to return Kenefick's suitcase to Kenefick's wife. That defense was in fact presented through defendant's testimony at trial. What is at issue in this appeal is whether the trial court abused its discretion in precluding admission of corroborative documentary evidence as a sanction for defendant's violation of discovery rules by failing to reveal the existence of the evidence until trial. In *State v. Killean,* 184 Ariz. 164, 907 P.2d 550 (App.1995), the court of appeals

---

* Justice ROBERT J. CORCORAN did not participate in this decision; pursuant to Ariz. Const. art. 6, § 3, the Honorable JOSEPH M. LIVER- MORE, Judge of the Arizona Court of Appeals, Division Two, was designated to sit in Justice Corcoran's stead.

concluded that because the trial judge found that the defense lawyer had not acted in bad faith, preclusion of the evidence was an abuse of discretion. We disagree and vacate that opinion.

■ Our disagreement with the court of appeals is a narrow one. As that court noted, it is not yet clear whether preclusion of defense evidence is constitutionally permitted absent a finding of bad faith or willful misconduct. See *Michigan v. Lucas,* 500 U.S. 145, 111 S.Ct. 1743, 114 L.Ed.2d 205 (1991). Even if such a finding is required, we believe that on the record in this case it was either made or mandated. The trial court found, perhaps charitably, that counsel did not act in bad faith but instead was "dilatory and negligent in not doing what is clearly provided by the Rules of Discovery." We read this as saying that the failure was not motivated by a desire to prevent the prosecution from gathering rebuttal evidence, though in fact it had that effect, but instead resulted from the simple failure to do what the rules required. However, the absence of bad faith is not alone sufficient to avoid preclusion where there is willful misconduct, such as an unexplained failure to do what the rules require. No explanation was offered here. That defense counsel knew of the evidence at least a week before trial is clear because he obtained subpoenas for that evidence at that time. Counsel was a certified criminal law specialist with thirty-eight years' experience. He could not and did not claim ignorance of the requirements of the rules. When the trial court has found that defense counsel knowingly failed to perform a known legal obligation, the finding is one of willful misconduct. There is no evidence to support any other finding in this case.

■ Once the willfulness of the behavior is clear, the propriety of preclusion is also evident under the analysis in *State v. Smith,* 140 Ariz. 355, 681 P.2d 1374 (1984). While the precluded evidence was important, corroborating the defendant's testimony as to the existence of a possible guilty third party, the sanction was precisely proportionate to the harm caused by the discovery violation. *State v. Krone,* 182 Ariz. 319, 897 P.2d 621

(1995). The violation prevented the prosecution from locating Kenefick as a rebuttal witness. (He was called after defendant revealed his phone number in his testimony. He denied involvement but refused to testify without a subpoena.) The loss of rebuttal was balanced by the loss of corroboration. Defendant was still able to offer his testimony without rebuttal from Kenefick; even with the sanction chosen, defendant profited from the violation and was able to present his defense to the trier. Other remedies could legitimately be found inadequate. The trial judge could not be sure how long a continuance would be necessary to obtain Kenefick's testimony. A mistrial could have been declared, and found to be a manifest necessity because of defense counsel's misconduct, but that would defeat the important interest in efficient judicial administration. *Taylor v. Illinois,* 484 U.S. 400, 416, 108 S.Ct. 646, 656, 98 L.Ed.2d 798 (1988), established that preclusion is an appropriate sanction for a serious discovery violation.

The opinion of the court of appeals is vacated. The convictions and sentences are affirmed.

FELDMAN, C.J., and MOELLER and MARTONE, JJ., concur.

ZLAKET, Vice Chief Justice, dissenting.

I cannot subscribe to the majority opinion because it supports the unnecessary exclusion of important witnesses and exhibits in the absence of a showing that the defendant, whose liberty is at stake, had anything to do with their late disclosure. Where a defendant is innocent of the discovery violation and the trial court has other remedies available to it, I submit that the exclusion of evidence should generally be considered inappropriate.

Let us assume for argument's sake that some tortured view of zealous advocacy prompted defense counsel to seek an advantage by knowingly and intentionally failing to timely disclose the witnesses. If his client had no knowledge of these shenanigans and took no part in them, who should be penalized? As matters stand, the lawyer here faces no serious consequences. The defen-

dant, on the other hand, is in prison, possibly because he was deprived of evidence important to his case. Something is wrong with this picture.

It may be an unavoidable fact of life that people will sometimes suffer the unpleasant effects of their attorneys' sins. Nevertheless, I believe we should make every effort to prevent this from occurring. *State v. Smith,* 123 Ariz. 243, 252, 599 P.2d 199, 208 (1979) ("Prohibiting the calling of a witness should be invoked only in those cases where other less stringent sanctions are not applicable to effect the ends of justice."). I find little consolation in the knowledge that the aggrieved client can subsequently file a petition for post-conviction relief alleging ineffective assistance of counsel. *See* Rule 32, Ariz. R.Crim.Proc. Such requests are seldom granted. Moreover, they frequently take considerable time to resolve, during which the defendant is usually incarcerated.

There is a broad range of available sanctions for discovery violations. *See* Rule 15.7, Ariz.R.Crim.Proc. One size clearly does not fit all, nor should it. Sanctions ought to be tailored to the facts of each case and, in my view, only the culprit should bear the brunt of them. Thus, I cannot understand why the lawyer's bad faith, or lack of it, should influence anything other than the severity of sanctions to be assessed *against him.* A similar, but separate, analysis might be necessary with respect to the defendant if there is any indication that he had a hand in the late disclosure.

Assuming the lawyer was the culpable actor and the client was innocent, penalties ought to be imposed on the former. The latter should still be entitled to a full and fair trial with all available evidence at his disposal. On the other hand, if it appears that defendant knew and approved of the discovery ploy, it may be appropriate to exclude evidence in addition to sanctioning the lawyer. In the case of a completely innocent mistake, of course, the court has discretion to impose limited sanctions, or none at all.

Here, after conducting a hearing, the trial court apparently satisfied itself that the lawyer was responsible, even though it found his conduct not to have been motivated by bad faith. I agree with the majority that regardless of the lawyer's good or bad faith, it appears that his actions were at least knowing and intentional. Thus, I believe the proper remedy would have been to impose sanctions on the attorney, and perhaps to request a State Bar investigation for ethical violations. At the same time, assuming there was no evidence of wrongdoing by the client, the trial court should have declared a mistrial when prejudice from the late disclosure became apparent. A continuance could then have been ordered to permit the state time for additional investigation and preparation. *See Smith, supra* (preclusion of vital defense witnesses too severe even though state unaware of their testimony and defendant gave no explanation for the failure to disclose). As the majority notes, a mistrial would have been justified on the basis of "manifest necessity." *McLaughlin v. Fahringer,* 150 Ariz. 274, 277, 723 P.2d 92, 95 (1986). Because the defense was responsible, there could be no reasonable argument that jeopardy had attached. *Arizona v. Washington,* 434 U.S. 497, 505, 98 S.Ct. 824, 830, 54 L.Ed.2d 717 (1978).

Therefore, I concur in the result reached by the court of appeals.