SUPREME COURT OF ARIZONA
En Banc

| | | |
|---|---|---|
| STATE OF ARIZONA, | ) | Arizona Supreme Court |
| | ) | No. CR-02-0300-PR |
| | ) | |
| | ) | Court of Appeals |
| Appellee, | ) | Division One |
| | ) | Nos. 1 CA-CR 01-0448 |
| | ) | 1 CA-CR 01-0468 |
| | ) | (CONSOLIDATED) |
| v. | ) | |
| | ) | Maricopa County |
| | ) | Superior Court |
| | ) | No. CR 2000-010373 |
| KENNETH DALE MEINHARDT, | ) | |
| | ) | |
| | ) | **MEMORANDUM DECISION** |
| | ) | (Not for Publication |
| Appellant. | ) | Ariz. R. Sup. Ct. 111) |
| | ) | |

Appeal from the Superior Court for Maricopa County
The Honorable Edward O. Burke, Judge
The Honorable Crane McClennen, Judge

**AFFIRMED**

Court of Appeals, Division One
Memorandum Decision, filed July 25, 2002

**REVERSED AND REMANDED**

JANET A. NAPOLITANO, FORMER ARIZONA ATTORNEY GENERAL          Phoenix
TERRY GODDARD, ARIZONA ATTORNEY GENERAL
        by   Randall M. Howe, Chief Counsel,
             Criminal Appeals Section
     and  Consuelo M. Ohanesian, Assistant Attorney General
Attorneys for Appellee

JAMES J. HAAS, MARICOPA COUNTY PUBLIC DEFENDER               Phoenix
        by   Louise Stark, Deputy Public Defender
Attorneys for Appellant

**B E R C H**, Justice

¶1        The State of Arizona seeks review of the court of appeals' memorandum decision reversing two of Defendant Kenneth Meinhardt's four convictions for armed robbery.  The State asserts that the court of appeals erred in finding that the trial judge abused his discretion by precluding two alibi witnesses from testifying as a sanction for Defendant's late disclosure of his alibi defense.  A divided panel of the court of appeals reversed the two convictions on the ground that the trial judge failed to make a finding that Defendant acted in bad faith and failed to consider alternative sanctions that would have had less effect on Defendant's case.  *State v. Meinhardt*, 1 CA-CR 01-0448, 1 CA-CR 01-0468, ¶¶ 11-13 (Ariz. App. July 25, 2002) (consolidated) (mem. decision).  We affirm the trial court's imposition of sanctions and reverse the court of appeals' decision on this issue.

## FACTS

¶2        Defendant Meinhardt was charged with five counts of armed robbery.  The first two crimes occurred in late 1999 and the next three occurred in June, 2000.  The trial court severed counts 1 and 2 from counts 3, 4, and 5, and, on the State's motion, dismissed count 4.  Defendant was found guilty of counts 3 and 5 at his first trial.

¶3        Defendant's first trial was scheduled to start on January 16, 2001.  On January 11, just five days before trial was to begin,

-2-

Defendant requested a continuance, which the court granted. On January 19, three days after the original trial date and just four days before the continued trial was to begin, Defendant disclosed that he wished to present an alibi defense supported by two witnesses, his mother and her employer.[1] He avowed that his mother would testify that he was with her the night the armed robbery alleged in count 3 was committed. She was to testify that she had been having trouble with the car she used for her bank deposit carrier route that week, so Defendant drove the car in case it broke down. Her employer was to testify that he knew of the mother's car troubles and to verify that she was working during the hours of the robbery. The employer could not verify, however, whether Defendant was with his mother at the time the robbery took place.

¶4 The State moved to preclude the witnesses from testifying based on the late disclosure of the defense and witnesses. The State argued that Defendant failed to comply with Rule 15.2 of the Arizona Rules of Criminal Procedure, which at that time required that defendants give notice of defenses and witnesses within twenty days of arraignment, which would have required their disclosure by July 20, 2000. The State also contended that it would suffer prejudice because of the late disclosure, as the prosecutor would

---

[1] Defendant had a third alibi witness for count 4, but that count was dismissed, rendering the witness unnecessary.

not have time to conduct a sufficient rebuttal investigation. The State sought sanctions pursuant to Rule 15.7(a) of the Arizona Rules of Criminal Procedure, which lists the preclusion of evidence and witnesses as potential sanctions for the violation of Rule 15.2.

**¶5**      During the January 23 hearing on the motion, the trial judge questioned Defendant's counsel about the late disclosure. Defense counsel responded that the mother's advanced age and her confusion regarding the five dates on which the robberies occurred caused her not to realize that Defendant had been with her when one of the robberies took place. When asked why Defendant never mentioned this potential alibi after sitting in jail for six or seven months with little else to ponder,[2] defense counsel could not explain.

**¶6**      Recognizing that the law did not permit him "to preclude witnesses if there's a less severe sanction available," the trial judge then questioned whether alternative sanctions would suffice to remedy the extremely delayed disclosure. The only alternative suggested by the defense was a continuance, but the prosecutor protested that another continuance would "'penalize conscientious practitioners' and allow[] the defendant to continue the case once again." Citing Defendant's complete failure to timely disclose his

---

[2]      Defendant was arrested and incarcerated at the end of June, 2000. He remained in jail until his trial in January, 2001.

-4-

alibi defense and witnesses to either his counsel or the court, and noting that, had the trial commenced on January 16 when it was originally scheduled, the witnesses would not have been presented because they had not been discovered, the trial judge granted the State's motion to preclude the witnesses. He did not, however, preclude Defendant from testifying to the defense.

**DISCUSSION**

### A. Trial Issues

¶7     We review the trial judge's decision to preclude witnesses from testifying for abuse of discretion. *See State v. Towery*, 186 Ariz. 168, 186, 920 P.2d 290, 308 (1996). We also assume that trial judges know and apply the law in reaching their determinations. *E.g., State v. Lee*, 189 Ariz. 608, 616, 944 P.2d 1222, 1230 (1997) (quoting *Walton v. Arizona*, 497 U.S. 639, 653 (1990), and citing *State v. Stokley*, 182 Ariz. 505, 519, 898 P.2d 454, 468 (1995)).

¶8     This court has set forth four factors that trial judges must consider before precluding witness testimony under Rule 15.7(a)(4) for a violation of the disclosure rules: 1) how vital the testimony is to the case, 2) any surprise and prejudice to the opposing party, 3) whether bad faith or willfulness motivated the violation, and 4) any other circumstances relevant to the issue. *See State v. Smith (Joseph Clarence, Jr.)*, 123 Ariz. 243, 252, 599 P.2d 199, 208 (1979) (footnotes omitted).

¶9     In this case, the record reflects that the trial judge conscientiously considered all these factors.  The testimony was important to Defendant's case.  If believed, the mother's testimony would have established an alibi defense for count 3.[3]  Moreover, the eyewitness to count 3 was certain that the perpetrator of that crime was the same person who committed the armed robbery detailed in count 5.  Thus any doubt cast upon Defendant's involvement in the robbery charged in count 3 would also have cast doubt upon his involvement in the robbery charged in count 5.

¶10    The trial judge also considered the surprise to the State occasioned by the late disclosure of the alibi defense and two witnesses.  The State had been preparing its case against Defendant for more than six months, unaware that Defendant contemplated an alibi defense.  At the very least, the State would have required a continuance to prepare to rebut the new evidence.  Defendant's offer to make the alibi witnesses immediately available for the State to interview did not alleviate the problem.  The prosecutor was unable to interview them at the time proposed by Defendant's counsel, which was the day before the trial was set to start.  Moreover, the State asserted that it would need to do additional investigation to obtain rebuttal evidence and witnesses.  Defendant would also have gained additional time to prepare through his

---

[3]    As the trial court correctly observed, the employer's testimony would not have shed light on Defendant's whereabouts at the time the robbery took place.

-6-

failure to follow the rules.

**¶11**      As to the third factor, bad faith or willfulness, the court of appeals determined that, because the trial judge did not specifically find that Defendant acted in bad faith, he could not preclude the witnesses from testifying.  In its memorandum decision, the court stated, "it is clear the [trial] court deemed defendant *negligent* in his failure to disclose; however, the court never found defendant guilty of any bad faith." *Meinhardt*, 1 CA-CR 01-0448, 1 CA-CR 01-0468, slip op. at ¶ 11 (emphasis added).  Our review of the record, however, shows that the trial judge found more than negligent nondisclosures, and he clearly understood and applied the relevant cases and rules.

**¶12**      During the hearing on January 23, the trial judge read and discussed *State v. Killean*, 185 Ariz. 270, 271, 915 P.2d 1225, 1226 (1996), a case from this court affirming a trial court's preclusion of evidence for violation of Rule 15.2.  The trial judge properly read *Killean* to say that a finding of bad faith is not necessary if a willful failure to disclose is shown.  *See id.* Thus, while he did not specifically make a finding of bad faith or willful failure to disclose, the trial judge understood that these behaviors served as the predicate to preclusion of witnesses or evidence.  Having then ruled that the witnesses should be precluded, he implicitly found willful behavior on Defendant's part.  The record of the hearing bears this out.

¶13 Moreover, the trial judge observed that in *Killean*, it was the defense counsel, not the defendant himself, who was guilty of the rule violation, leading Justice Zlaket, in dissent, to observe that if the client had known and approved the violation, "it may be appropriate to exclude evidence." *Id.* at 272, 915 P.2d at 1227 (Zlaket, J., dissenting). The trial judge even noted Justice Zlaket's comment that "[a] similar, but separate, analysis might be necessary with respect to the defendant if there is any indication that [the defendant] had a hand in the late disclosure." *Id.*

¶14 The trial judge then analyzed Defendant's active participation in the late disclosure at issue before him. He questioned why, during the six months he sat in jail, Defendant did not remember his potential alibi sooner.[4] Following his

---

[4] The trial judge reasoned as follows:

> I'm still concerned with the fact that if Mr. Meinhardt had been driving Mrs. Meinhardt around that night, that he would have known that. And to say, "well, you know, there were just so many robberies in so much time, it's just so hard to pin down the dates," that doesn't make sense to me. It just seems to me, if someone, like Mr. Meinhardt, were in his position, facing all these years, he would sit down and try to figure out exactly what he was doing each f [sic] those hours where he was charged with robbing somebody. And if he was driving his mother night after night for a week's time, he would have known this. It just seems, to me, odd that his mother would come up and say, "Gee, he was driving me." And, suddenly, the light bulb goes off in Mr.

-8-

questioning of Defendant's lawyer, the judge concluded that Defendant himself had willfully failed to timely disclose his alibi defense and witnesses.

¶15     The trial judge also observed this court's instruction to impose less intrusive sanctions than the preclusion of witnesses or evidence if such alternatives are available and adequate to remedy the disclosure violation. *See Smith*, 123 Ariz. at 252, 599 P.2d at 208. He determined that preclusion of Defendant's alibi witnesses was justified in light of Defendant's failure to alert his attorney, the court, or the State of the defense until the eve of the second trial setting. In so holding, he implicitly concluded that no lesser sanction would suffice. We note that the judge did not preclude Defendant from raising the alibi defense, should he have decided to testify; rather, he precluded the corroborating

---

Meinhardt's mind, "Oh, yeah, I was driving her." It just doesn't make sense to me.
    Further – well, I've heard no explanation why Mr. Meinhardt didn't tell you this in this 6 or 7 months that this thing has been going on, since the charges.
    . . . .
    So he's taken into custody on [June] 22nd, and he knows what the charges are. That's only 2 weeks after this happened. It doesn't explain why he didn't sit down right then and say, "Well, gosh, what was I doing 2 weeks ago?"
    . . . .
    And further, if this trial would have started on the 16th, a week ago today, and had finished when everyone thinks it would have, this would have never come to light.

witnesses from testifying.

¶16     Imposing sanctions is a discretionary matter and there are costs to the system and to victims of crime in granting continuances. *See* Ariz. Const. art. 2, § 2.1(A)(10). We will not substitute our discretion in these matters for that of the trial judge. *See State v. Veatch*, 132 Ariz. 394, 396, 646 P.2d 279, 281 (1982). Instead, we will review each decision for an abuse of discretion. *See Towery*, 186 Ariz. at 186, 920 P.2d at 308. We find no abuse of discretion in the trial court's ruling precluding the witnesses from testifying in support of Defendant's alibi defense as a sanction for discovery violations.

**B.    Sentencing Issues**

¶17     Defendant raised two sentencing issues in the court of appeals. *Meinhardt*, 1 CA-CR 01-0448, 1 CA-CR 01-0468, slip op. at ¶¶ 14-20. The first issue concerned a discrepancy between the minute entry and the oral pronouncement of sentence contained in the transcript of the proceedings. *Id.* at ¶ 15. The second issue was whether all four counts should have been designated as dangerous offenses. *Id.* at ¶ 18. The court of appeals reversed Defendant's convictions on counts 3 and 5 and therefore did not decide the sentencing issues regarding those counts. *Id.* at ¶¶ 17, 18. We remand these issues to the court of appeals for consideration in light of this opinion.

**CONCLUSION**

¶**18**      We reverse the decision of the court of appeals and reinstate Defendant's convictions on counts 3 and 5. We remand this case to the court of appeals for reconsideration of the sentencing issues relating to counts 3 and 5.

 

_____
Rebecca White Berch, Justice

CONCURRING:

_____
Charles E. Jones, Chief Justice

_____
Ruth V. McGregor, Vice Chief Justice

_____
Michael D. Ryan, Justice