NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ASHLEY NIGEL BURROWS, *Appellant*.

No. 1 CA-CR 18-0552
No. 1 CA-CR 18-0562
(Consolidated)
FILED 8-6-2019

Appeal from the Superior Court in Maricopa County
No. CR2016-156474-001
No. CR2014-149357-001
The Honorable Annielaurie Van Wie, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jesse Finn Turner
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Kent E. Cattani joined.

---

**C R U Z**, Judge:

**¶1**   Ashley Nigel Burrows appeals his convictions and sentences for two counts of aggravated driving or actual physical control while under the influence of intoxicating liquor or drugs. Burrows argues that the trial court committed error by precluding a witness first disclosed on the first day of trial and by denying his motion for new trial based upon the preclusion. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY[1]

**¶2**   On December 5, 2016, around 1:19 a.m., two Phoenix police officers found Burrows asleep in the driver's seat of his Cadillac Escalade parked next to a gas pump at a Circle K in Phoenix. Burrows was the only person in the vehicle, the keys were in the ignition, the engine was off, and the windows were rolled up. The vehicle had been sitting in that spot for at least an hour without moving. Finding Burrows exhibited signs and symptoms consistent with alcohol consumption and impairment, the officers conducted a DUI investigation and obtained a search warrant to draw samples of Burrows' blood. The blood test results showed a blood alcohol content level of .306. Burrows' driver's license was suspended at the time.

**¶3**   A grand jury charged Burrows with two counts of aggravated driving or actual physical control while under the influence of intoxicating liquor or drugs, class 4 felonies. After a five-day trial, a jury convicted Burrows as charged. The trial court sentenced Burrows to a term of 4.5 years' imprisonment. Burrows timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).

---

[1]  We view the facts in the light most favorable to sustaining the verdict. *See State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013).

## DISCUSSION

**¶4** On the first day of trial before jury selection commenced, Burrows (through counsel) informed the State and the court that he became aware earlier that afternoon of a previously undisclosed witness he intended to call to testify. This witness was expected to testify that he received a phone call from Burrows on the night of the incident, and later went to the Circle K and drove Burrows, in the Escalade, from one location at the Circle K to the gas pump.[2] Burrows contended that he was previously unaware of the witness' involvement because of memory problems due to his intoxication that night. Burrows explained in his motion for new trial that he had learned of the witness from a coincidental meeting that occurred on the day of jury selection "between 12:00pm and 1:30pm."

**¶5** On the second day of trial, Burrows told the court he would likely not call the witness due to an inability to contact him "in time." After the witness showed up in court "shortly before noon" during this second day of trial, Burrows provided additional details regarding the witness and his anticipated testimony.

**¶6** Burrows requested the court to allow the witness to testify despite the untimely disclosure, and the State objected. The trial court precluded the witness. Following the convictions, Burrows filed a motion for new trial based upon the preclusion of the witness, and the trial court denied the motion.

**¶7** Arizona Rule of Criminal Procedure 15.7 governs a trial court's ability to issue sanctions for discovery violations, and the court has broad discretion to determine the nature of a sanction. *State v. Moody*, 208 Ariz. 424, 454, ¶ 114 (2004); *State v. DeCamp*, 197 Ariz. 36, 40, ¶ 22 (App. 1999); *State v. Delgado*, 174 Ariz. 252, 256 (App. 1993). We review the trial court's imposition of a discovery violation sanction for an abuse of discretion. *Moody*, 208 Ariz. at 454, ¶ 114. We will find an abuse of discretion for a discovery violation only when "no reasonable judge would have reached the same result under the circumstances." *State v. Naranjo*, 234 Ariz. 233, 242, ¶ 29 (2014) (quoting *State v. Armstrong*, 208 Ariz. 345, 354, ¶ 40 (2004)).

**¶8** Because preclusion impinges upon a defendant's Sixth Amendment right to present witnesses in his own defense, it should be

---

[2] A prior witness testified that he had driven Burrows to the Circle K in the Escalade but did not park the vehicle at the gas pump.

used only as a last resort. *Taylor v. Illinois*, 484 U.S. 400, 411-15 (1988); *State v. Valencia*, 186 Ariz. 493, 502 (App. 1996); *Delgado*, 174 Ariz. at 257. Nevertheless, preclusion is a proper remedy for negligence in failing to do what is clearly provided by the rules of discovery. *State v. Killean*, 185 Ariz. 270, 271 (1996).

**¶9** A sanction must be proportional to the discovery violation. *Payne*, 233 Ariz. at 518, ¶ 155. An appropriate sanction "should have a minimal effect on the evidence and merits of the case," and preclusion of the evidence is rarely an appropriate sanction for a discovery violation. *State v. Towery*, 186 Ariz. 168, 186 (1996). Preclusion should be imposed only if "other less stringent sanctions are not applicable." *State v. Smith*, 123 Ariz. 243, 252 (1979). In determining whether preclusion is appropriate, a court should consider how vital the witness is to the case; the degree of surprise; bad faith; and any other relevant circumstances. *Id.*

**¶10** A court may grant a new trial if "the verdict is contrary to law or to the weight of the evidence." Ariz. R. Crim. P. 24.1(c)(1). A trial court's ruling on a motion for new trial is reviewed for an abuse of discretion. *State v. Fischer*, 242 Ariz. 44, 48, ¶ 10 (2017).

**¶11** We will affirm a conviction when an abuse of discretion is harmless. *See State v. Valverde*, 220 Ariz. 582, 585, ¶ 11 (2009), *abrogated on other grounds by State v. Escalante*, 245 Ariz. 135, 140, ¶¶ 15-16 (2018). "Error, be it constitutional or otherwise, is harmless if we can say, beyond a reasonable doubt, that the error did not contribute to or affect the verdict." *State v. Bible*, 175 Ariz. 549, 588 (1993). We examine the harmlessness of an error by determining whether there is a reasonable probability the verdict would have been different in the absence of the error. *State v. Hoskins*, 199 Ariz. 127, 142-43, ¶ 57 (2000). Preclusion is harmless when evidence of guilt is overwhelming. *Valencia*, 186 Ariz. at 502.

**¶12** Two of the *Smith* factors for preclusion, discussed above, are undisputed. Significant surprise from the late disclosure was clearly present, and Burrows concedes as such. The trial court additionally found, however, that bad faith resulting in the late disclosure was absent.

**¶13** The remaining factors lead us to conclude that the trial court did not abuse its discretion. As Burrows acknowledged in his Opening Brief, the central issue for the jury to decide was whether Burrows—asleep in the driver's seat of his vehicle for over an hour at a gas station with the keys in the ignition and the engine off—was in actual physical control of his vehicle at the time the police contacted him. Testimony regarding whether

Burrows in fact drove his car thus was not necessary to the jury's ultimate decision.

¶14            After hearing the avowal of the witness' anticipated testimony, the court weighed the "vitality" of the testimony (the initial *Smith* factor) against the actual physical control evidence presented. The trial court concluded that the witness' testimony failed to sufficiently address the central actual physical control issue because it did nothing to rebut Burrows' factual situation at the precise time of police contact. Indeed, Burrows was prepared to abandon calling the witness when he believed the witness would not be contacted in time. As described properly in the jury instructions,[3] actual physical control is based wholly upon current or imminent control of the vehicle; it is a current and prospective consideration not retrospective. The witness' testimony about past driving, to the extent the jury found it credible, would not have addressed a required element of the charged offenses.

¶15            Regarding Burrows' due diligence, the trial court persuasively reasoned that, under Burrows' own theory of the case, the existence of this witness could have been discovered merely by reviewing Burrows' phone calls or phone records from the night of the incident. Regardless of memory problems arising from voluntary intoxication, Burrows still possessed the ability to readily discover the information. The court further indicated its skepticism, with seemingly valid cause, about the circumstances and timing of the witness' sudden appearance. In sum, given the actual physical control evidence presented, the anticipated testimony, and the totality of the circumstances of the late disclosure, we cannot say the trial court abused its discretion either by precluding the witness or denying the new trial.

¶16            Assuming *arguendo* the trial court abused its discretion, the evidence establishing each element of the two charges makes any error harmless. As discussed above, the undisputed facts established by the police investigation supported a DUI conviction based entirely upon the actual physical control factors germane at the time police contacted him. The precluded witness' testimony would not have altered the actual physical control facts otherwise established. As such, precluding the

---

3       The jurors were instructed that "[i]n determining whether the defendant was in actual physical control of the vehicle, you should consider the totality of the circumstances shown by the evidence and whether the defendant's current or imminent control of the vehicle presented a real danger to himself or others at the time alleged."

witness did not contribute to or affect the verdict sufficiently to cause more than harmless error.

## CONCLUSION

¶17        For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:  AA