IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

THE STATE OF ARIZONA,            )        2 CA-CR 2009-0172
                                 )        DEPARTMENT A
                    Appellee,    )
                                 )        O P I N I O N
        v.                       )
                                 )
MICHELLE D. SPRANG,              )
                                 )
                    Appellant.   )
                                 )
_____)

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR20081301

Honorable Deborah Bernini, Judge

VACATED

---

Thomas C. Horne, Arizona Attorney General
  By Kent E. Cattani and Alan L. Amann                                    Tucson
                                                           Attorneys for Appellee


Isabel G. Garcia, Pima County Legal Defender
  By Scott A. Martin                                                      Tucson
                                                          Attorneys for Appellant

---

H O W A R D, Chief Judge.

¶1        Following a jury trial, appellant Michelle Sprang was convicted of second-

degree murder and sentenced to a mitigated prison term of ten years.  On appeal, Sprang

argues the trial court erred by instructing the jury on the lesser-included offense of

second-degree murder and by denying her motion for a new trial. For the reasons that follow, we vacate Sprang's conviction and sentence.

## Factual and Procedural Background

¶2        We view the facts in the light most favorable to sustaining the verdict. *State v. Haight-Gyuro*, 218 Ariz. 356, ¶ 2, 186 P.3d 33, 34 (App. 2008). Michelle Sprang and the victim, A., were seen together at a hotel in Tucson. Later, Sprang was seen loading items into her car and leaving the hotel. She returned shortly thereafter, left again, and no one saw her return. The following morning, a motel employee saw blood and something large stuffed under the bed. She called the police, who later found the victim's body under the bed wrapped in a comforter. The victim had been strangled and hit over the head with a heavy object.

¶3        Sprang eventually was charged with first-degree murder. Over her objection, and with no specific request from the prosecutor, the trial court instructed the jury on the lesser-included offense of second-degree murder. The jury found Sprang not guilty of first-degree murder but, as noted above, guilty of second-degree murder. Sprang filed a motion for a new trial, which the court denied, and then brought this appeal.

## Second-Degree Murder Instruction

¶4        Sprang first argues the trial court erred by instructing the jury on second-degree murder because she had objected to the instruction, the state had not specifically requested it, and the court, therefore, did not have discretion to give it. *See State v.*

2

*Krone*, 182 Ariz. 319, 323, 897 P.2d 621, 625 (1995); *State v. Rodriguez*, 186 Ariz. 240, 249, 921 P.2d 643, 652 (1996). She did not, however, object on this ground below. "And an objection on one ground does not preserve the issue [for appeal] on another ground." *State v. Lopez*, 217 Ariz. 433, ¶ 4, 175 P.3d 682, 683 (App. 2008). Therefore, Sprang has forfeited the right to seek relief for all but fundamental, prejudicial error. *See State v. Henderson*, 210 Ariz. 561, ¶¶ 19-20, 115 P.3d 601, 607 (2005). Furthermore, because she does not argue on appeal that the error is fundamental, and because we find no error that can be so characterized, the argument is waived. *See State v. Moreno-Medrano*, 218 Ariz. 349, ¶ 17, 185 P.3d 135, 140 (App. 2008) (fundamental error argument waived on appeal); *State v. Fernandez*, 216 Ariz. 545, ¶ 32, 169 P.3d 641, 650 (App. 2007) (court will not ignore fundamental error if found); *see also State v. Govan*, 154 Ariz. 611, 614-15, 744 P.2d 712, 715-16 (App. 1987) (issue on appeal regarding instruction on lesser-included offense waived when defendant objected to instruction below on different ground).

¶5    Sprang further contends the second-degree murder instruction was improper because the evidence did not support it. This ground was raised below, and we review for an abuse of discretion the trial court's decision to give a particular jury instruction. *State v. Johnson*, 205 Ariz. 413, ¶ 10, 72 P.3d 343, 347 (App. 2003). A trial court abuses its discretion when it commits an error of law. *State v. West*, 224 Ariz. 575, ¶ 8, 233 P.3d 1154, 1156 (App. 2010).

3

**¶6** Second-degree murder is a lesser-included offense of premeditated first-degree murder, the difference between the two being premeditation. *See State v. Van Adams*, 194 Ariz. 408, ¶ 11, 984 P.2d 16, 21-22 (1999). An instruction on second-degree murder is only appropriate when "a reasonable construction of the evidence . . . tend[s] to show a lack of premeditation." *State v. Whittle*, 156 Ariz. 400, 404, 752 P.2d 489, 493 (App. 1985). An act is premeditated when

> the defendant acts with either the intention or the knowledge that he will kill another human being, when such intention or knowledge precedes the killing by any length of time to permit reflection. Proof of actual reflection is not required, but an act is not done with premeditation if it is the instant effect of a sudden quarrel or heat of passion.

A.R.S. § 13-1101(1). Actual reflection is required, but the proof may be circumstantial. *State v. Thompson*, 204 Ariz. 471, ¶ 31, 65 P.3d 420, 428 (2003).

**¶7** A trial court should provide an instruction on a lesser-included offense only if the evidence supports it. *State v. Jackson*, 186 Ariz. 20, 27, 918 P.2d 1038, 1045 (1996). "'To determine whether there is sufficient evidence to require the giving of a lesser[-]included offense instruction, the test is whether the jury could rationally fail to find the distinguishing element of the greater offense.'" *Id.*, *quoting Krone*, 182 Ariz. at 323, 897 P.2d at 625. Thus, in considering instructions on a lesser-included offense of premeditated first-degree murder, "[i]f a jury could rationally conclude that premeditation was lacking, a second[-]degree murder instruction would be needed." *Krone*, 182 Ariz. at 323, 897 P.2d at 625.

4

**¶8**      A defendant generally is entitled to an instruction on a lesser-included offense if it is supported by the evidence. *State v. Wall*, 212 Ariz. 1, ¶ 17, 126 P.3d 148, 151 (2006). And this court "defer[s] to the trial judge's assessment of the evidence." *Id.* ¶ 23. However, when a "defendant's theory of the case denies all involvement in the killing, and no evidence provides a basis for a second[-]degree murder conviction," such an instruction should not be given. *State v. Salazar*, 173 Ariz. 399, 408, 844 P.2d 566, 575 (1992). The issue here, therefore, is whether the evidence tends to show that the murder was premeditated or whether a jury could conclude that evidence demonstrated premeditation was lacking due to the circumstances themselves or "the instant effect of a sudden quarrel or heat of passion." *See* § 13-1101(1).

**¶9**      In *State v. Landrigan*, 176 Ariz. 1, 6, 859 P.2d 111, 116 (1993), our supreme court held that the trial court's failure to give an instruction on second-degree murder was not error because the instruction was not supported by the evidence. Landrigan had been convicted of the first-degree felony murder of a victim who had suffered blows to the head and had then been strangled. *Id.* at 3-4, 859 P.2d at 113-14. Landrigan asserted on appeal that an instruction on second-degree murder should have been given because his mother's testimony about injuries he reported in a telephone call to her could have led the jury to conclude that he had "killed the victim in response 'upon a sudden quarrel or heat of passion.'" *Id.* at 6, 859 P.2d at 116. Though the court noted that second-degree murder is not a lesser-included offense of felony murder, it went on to evaluate whether the evidence warranted the instruction anyway. *Id.* at 5-6, 859 P.2d at

5

115-16. And the court stated that, even viewing his mother's testimony in a light most favorable to Landrigan, the evidence as a whole was insufficient to warrant an instruction on second-degree murder. *Id.*

¶10 In considering whether to instruct the jury on second-degree murder, the trial court here, prior to hearing all the evidence and without commenting on specific evidence, stated:[1]

> I think as a matter of course that under those types of facts and the circumstantial evidence of what may have happened in that room that the jury could easily determine there was not evidence of premeditation, not be able to come to a unanimous vote on premeditation and elect to convict your client of second[-]degree [murder] if they feel there's even enough evidence to convict her of anything.

At the close of the state's case, the court reiterated that it would instruct the jury on second-degree murder over Sprang's objection.

¶11 Even viewing the evidence here in the light most favorable to upholding the conviction, *see Haight-Gyuro*, 218 Ariz. 356, ¶ 2, 186 P.3d at 34, it shows only premeditation, *see* § 13-1101(1). While lying face up on the bed, the victim received a forceful blow to the head from what appears to have been the lid to a toilet tank, which first had to be retrieved from the bathroom. And the forensic pathologist testified that the victim was not strangled in the same position on the bed but rather had to have been upright or lying on the bed face down. Regardless of the order in which the acts were

---

[1]The trial court also indicated it believed it had a statutory duty to instruct on the lesser-included offenses. We note, however, there is no statutory duty to instruct a jury on lesser-included offenses in every case.

committed, Sprang would have had to move the victim prior to completing the second act. The forensic pathologist further stated that "[a] lot of force was applied around the [victim's] neck" during the asphyxiation, which could have resulted in "a few minutes of struggle." *Cf. State v. Ellison*, 213 Ariz. 116, ¶ 70, 140 P.3d 899, 917 (2006) (evidence that suffocation takes several minutes indicative of premeditation). Further, these two different attempted methods show planning or at least reflection, especially given that the lid to the toilet tank was located in a different room from where the killing had occurred.

¶12 Additionally, no evidence would support a conclusion that the victim had been killed as a result of "the instant effect of a sudden quarrel or heat of passion." *See* § 13-1101(1). No one testified that Sprang and the victim had argued or that loud shouting or the sounds of a struggle had been heard coming from the motel room. Indeed, two witnesses who had been in the area testified they did not hear any struggle or yelling. Finally, Sprang denied all involvement in the murder. *Cf. Wall*, 212 Ariz. 1, ¶ 29, 126 P.3d at 153 (when defendant asserts an "all-or-nothing" defense, the record usually will not support the giving of a lesser-included offense instruction).

¶13 As a practical matter, we recognize that a jury could disregard the fact the evidence only supported first-degree murder and decide to convict of second-degree murder, as it in fact did. *See State v. Paredes-Solano*, 223 Ariz. 284, ¶ 26, 222 P.3d 900, 908 (App. 2009) (jury has "well-established" nullification power). But, as a matter of law, the evidence was insufficient to support instructing the jury on the lesser charge. *See Landrigan*, 176 Ariz. at 6, 859 P.2d at 116; *see also Jackson*, 186 Ariz. at 27, 918

P.2d at 1045 (second-degree murder instruction not warranted when record does not support finding of lack of premeditation); *State v. Murray*, 184 Ariz. 9, 34, 906 P.2d 542, 567 (1995) (second-degree murder instruction not warranted because, given evidence, "[t]he only inference that a jury rationally could have drawn was that defendants premeditated"); *Salazar*, 173 Ariz. at 408, 844 P.2d at 575 ("Because defendant's theory of the case denies all involvement in the killing, and no evidence provides a basis for a second[-]degree murder conviction, the instruction was properly refused.").

¶14 The state contends that if we find the evidence did not warrant this instruction, the decision "would effectively turn lack of premeditation into an *element* of second-degree murder." But premeditation is an element of first-degree murder which the state is required to prove. A.R.S. § 13-1105(A)(1). And our supreme court has stated specifically that, "[f]or a second[-]degree murder instruction to be warranted, a jury would have to rationally conclude that premeditation was lacking." *Jackson*, 186 Ariz. at 27, 918 P.2d at 1045; *see also Krone*, 182 Ariz. at 323, 897 P.2d at 625. Thus, we find no merit in the distinction the state attempts to make. We conclude the trial court committed an error of law and, therefore, abused its discretion because no evidence warranted an instruction on second-degree murder.

¶15 The state further asserts that any error in giving the instruction was harmless because, if evidence only established first-degree murder, the erroneous instruction on second-degree murder benefitted Sprang by allowing the jury to convict her of a lesser offense. We "'will not reverse a conviction if an error is clearly

8

harmless.'" *State v. Green*, 200 Ariz. 496, ¶ 21, 29 P.3d 271, 276 (2001), *quoting State v. Doerr*, 193 Ariz. 56, ¶ 33, 969 P.2d 1168, 1176 (1998).  In criminal cases, we find an error "is harmless if we can say, beyond a reasonable doubt, that the error did not contribute to or affect the verdict." *State v. Bible*, 175 Ariz. 549, 588, 858 P.2d 1152, 1191 (1993); *see also State v. King*, 599 Ariz. Adv. Rep. 7, ¶ 29 (Ct. App. Jan. 14, 2011) (applying harmless error standard to error in jury instructions and verdict forms).  We do not examine "'whether, in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the guilty verdict actually rendered in *this* trial was surely unattributable to the error.'"  *Bible*, 175 Ariz. at 588, 858 P.2d at 1191, *quoting Sullivan v. Louisiana*, 508 U.S. 275, 279 (1993).  "We must be confident beyond a reasonable doubt that the error had no influence on the jury's judgment." *Id.*

¶16        The state's argument has some basis.  By convicting Sprang of second-degree murder, the jury necessarily rejected Sprang's sole defense that she had not murdered A.  And being convicted of second-degree murder lowered the range of sentences available, a circumstance favorable to Sprang.

¶17        Nevertheless, although the evidence showed that someone had committed first-degree murder, there was not overwhelming evidence that Sprang had committed it.  Because the evidence only supported a first-degree murder conviction, the second-degree verdict could have been a compromise.  If the second-degree murder instruction had not been given erroneously, the jury would have had to choose whether to convict or acquit her of first-degree murder.  The jury could have acquitted Sprang of the first-degree

9

murder charge, as it did, or been unable to reach a verdict. And given that Sprang was convicted on the charge which we find was included erroneously, we simply cannot find that the guilty verdict here was unattributable to the error. *See id.*; *see also State v. Arnold*, 404 S.E.2d 822, 830 (N.C. 1991) (erroneously giving second-degree murder instruction when evidence only supported first-degree not harmless because "[h]ad not the inviting verdict of murder in the second degree been available to the jury, and its choice limited to guilty of murder in the first degree or not guilty, the verdict may well have been one of not guilty"); *cf. Price v. Georgia*, 398 U.S. 323, 331 (1970) ("Further, and perhaps of more importance, we cannot determine whether or not the murder charge against petitioner induced the jury to find him guilty of the less serious offense of voluntary manslaughter rather than to continue to debate his innocence.").

¶18       The state relies on numerous cases from other jurisdictions, most of which deal with juries' verdicts of voluntary manslaughter when the evidence only supported second-degree murder. *See, e.g.*, *People v. Lee*, 971 P.2d 1001, 1002-03 (Cal. 1999). In that situation, insufficient evidence of adequate provocation establishes that the jury found all of the factors of second-degree murder and then an additional incorrect factor. *See, e.g., id.* And, as we have addressed, Arizona's definition of second-degree murder does not require an additional element to first-degree murder. *See* A.R.S. §§ 13-1104, 13-1105. The state further relies on older cases which found harmless error solely because the conviction was for a lesser offense; although the older cases have not been overruled, newer cases in the same jurisdictions do not follow the same reasoning.

10

*Compare State v. Yargas*, 211 P. 121, 122-23 (Kan. 1922) (error instructing on second-degree murder, but defendant benefitted because not convicted of first-degree murder), *with State v. Harris*, 998 P.2d 524, 529 (Kan. Ct. App. 2000) (finding harmless error because all elements of second-degree murder present and "sole distinction between intentional second-degree murder and voluntary manslaughter in this case was the presence of mitigating circumstances"). These cases are inapposite.

¶19 Sprang finally argues that, should we vacate the conviction and sentence, double jeopardy would prevent the state from retrying her for second-degree murder. But the Supreme Court has held that when a defendant is convicted of a lesser-included offense that is later reversed, the state may elect to retry the defendant for that lesser-included offense. *Price*, 398 U.S. at 326-27. And Sprang has not directed us to, nor have we found any Arizona statute or case law that requires a different result under these circumstances. Further, "[t]he double jeopardy protections extended by the Arizona Constitution are coextensive with those provided by its federal counterpart." *Lemke v. Rayes*, 213 Ariz. 232, n.2, 141 P.3d 407, 411 n.2 (App. 2006). Therefore, although it is clear that Sprang cannot be retried for first-degree murder, *see Green v. United States*, 355 U.S. 184, 189-91 (1957), she can be retried for second-degree murder, *see Price*, 398 U.S. at 326-27.

11

**Conclusion**

¶20        Because we conclude the trial court erred in instructing the jury on second-degree murder, we vacate Sprang's conviction and sentence.  Consequently, we need not address her remaining arguments.

/s/ *Joseph W. Howard*
JOSEPH W. HOWARD, Chief Judge

CONCURRING:

/s/ *J. William Brammer, Jr.*
J. WILLIAM BRAMMER, JR., Presiding Judge

/s/ *Philip G. Espinosa*
PHILIP G. ESPINOSA, Judge