NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ARMANDO MEDRANO VALENZUELA, *Appellant.*

No. 1 CA-CR 13-0530 and 1 CA-CR 14-0211
(Consolidated)

FILED 3-31-2015

Appeal from the Superior Court in Maricopa County
No. CR2011-006301-001 and CR2012-006241-001
(Consolidated)
The Honorable Pamela S. Gates, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Terry Reid
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Kent E. Cattani delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge Peter B. Swann joined.

**C A T T A N I**, Judge:

**¶1**         Armando Medrano Valenzuela appeals his conviction of manslaughter by sudden quarrel or heat of passion ("provocation manslaughter").[1] Valenzuela argues that the trial evidence did not warrant instructing the jury on this form of manslaughter as a lesser-included offense of second-degree murder, and that his conviction should thus be reversed. For reasons that follow, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**         On April 16, 2011, Valenzuela's girlfriend, C.M., who lived in the same Phoenix apartment complex as Valenzuela, was drinking beer in her apartment with her friend C.P. Another friend subsequently joined them.

**¶3**         After the three women decided to go for a drive, they saw Valenzuela's friend Fernando Z., who they invited to go with them. As they were driving, Fernando indicated that Valenzuela was at home with another woman. They returned to Valenzuela's apartment and, after Valenzuela's roommate opened the door, went inside to look for Valenzuela. He was not there, however, and they waited in the front room while C.M. called him.

**¶4**         When Valenzuela arrived, he and C.M. began arguing, and he demanded that the women leave. While continuing to argue, Valenzuela retrieved a handgun that Fernando had been carrying. When C.P. saw the gun, she said she was going to call the police to have Valenzuela arrested, but C.M. and Valenzuela continued to argue without acknowledging her statement.

---

[1]     Valenzuela appeals from six convictions—manslaughter, two counts of aggravated assault, misconduct involving weapons, influencing a witness, and attempted witness tampering—and the resulting sentences. His claim of error, however, relates only to the manslaughter conviction.

¶5       Valenzuela pointed the gun at C.M.'s chest, and she responded by saying "what, are you going to shoot me? If you're going to do it, well, do it." Without turning away from C.M., Valenzuela then swung the gun to the right toward where C.P. was sitting a few feet away, and shot her in the head. Valenzuela then ran from the room.

¶6       C.P. died from the gunshot wound. Valenzuela was arrested and charged, as relevant here, with second-degree murder.

¶7       During trial, the State filed proposed jury instructions, including a request for an instruction on provocation manslaughter as a lesser-included offense of second-degree murder. Valenzuela did not object to the manslaughter instruction, although he also requested an instruction on negligent homicide as a lesser-included offense of second-degree murder.

¶8       After instructing the jury on second-degree murder, the court also stated:

> If you find the elements of second degree murder proven beyond a reasonable doubt, you must consider whether the homicide was committed upon a sudden quarrel or heat of passion resulting from adequate provocation by the victim, [C.P.].

> If you unanimously find that the homicide was committed upon a sudden quarrel or heat of passion resulting from adequate provocation by the victim, [C.P.], then you must find the defendant not guilty of second degree murder.

The court further instructed the jury on provocation manslaughter, which requires proof of all the elements of second-degree murder and that:

> 2. The defendant acted upon a sudden quarrel or heat of passion; and

> 3. The sudden quarrel or heat of passion resulted from adequate provocation by the person who was killed.

> Adequate provocation means conduct or circumstances sufficient to deprive a reasonable person of self-control. Words alone are not adequate provocation to justify reducing an intentional killing to manslaughter.

. . . .

> If you determine that the defendant is guilty of either second degree murder or manslaughter by sudden quarrel or heat of passion, but you have a reasonable doubt as to which it was, you must find the defendant guilty of manslaughter by sudden quarrel or heat of passion.

¶9 The jurors indicated that they could not agree on the charge of second-degree murder, and they found Valenzuela guilty of provocation manslaughter. Valenzuela timely appealed, and we have jurisdiction under Arizona Revised Statutes ("A.R.S.") §§ 12-120.21(A)(1), 13-4031, and -4033.[2]

## DISCUSSION

¶10 Valenzuela argues that the evidence did not support an instruction on provocation manslaughter, and that his conviction of that offense must therefore be reversed. He claims specifically that no evidence supported a finding of adequate provocation by the victim required for conviction of this form of manslaughter. Because Valenzuela did not object to the instruction, we review only for fundamental, prejudicial error. *See State v. Henderson*, 210 Ariz. 561, 567–68, ¶¶ 19–20, 115 P.3d 601, 607–08 (2005); *see also State v. James*, 231 Ariz. 490, 493, ¶ 11, 297 P.3d 182, 185 (App. 2013).

¶11 To obtain relief based on an erroneous jury instruction, a defendant "must show that a reasonable jury 'could have reached a different result' had the jury been properly instructed" in order to show prejudice. *James*, 231 Ariz. at 494, ¶ 15, 297 P.3d at 186 (quoting *Henderson*, 210 Ariz. at 569, ¶ 27, 115 P.3d at 609). Here, we need not decide whether the instruction at issue was erroneous or whether the alleged error went to the heart of the case, because Valenzuela has not established prejudice.

¶12 Provocation manslaughter is an "unusual" lesser-included offense of second-degree murder because "[i]nstead of deleting an element of the greater offense, it specifies a different circumstance as a requirement to find the lesser offense." *Peak v. Acuna*, 203 Ariz. 83, 84, ¶ 6, 50 P.3d 833, 834 (2002). By definition, this form of manslaughter requires a finding that the defendant "[c]ommitt[ed] second degree murder" under A.R.S. § 13-1104(A), as well as a finding that the offense occurred "upon a sudden quarrel or heat of passion resulting from adequate provocation by the

---

[2] Absent material revisions after the relevant date, we cite a statute's current version.

victim." A.R.S. § 13-1103(A)(2). As we have previously held, the elements of provocation manslaughter are the same as the elements of second-degree murder; the "different circumstance" of adequate provocation is not an element of the offense, but simply an additional question of fact for the jury. *State v. Lua*, 235 Ariz. 261, 263–64, ¶¶ 9, 11, 330 P.3d 1018, 1020–21 (App. 2014).

¶13        Here, by convicting Valenzuela of provocation manslaughter, the jury necessarily found each element of second-degree murder. Accordingly, absent the only error alleged on appeal (that is, the instruction on adequate provocation), Valenzuela would have been subject to conviction of the greater offense (second-degree murder) instead of manslaughter. Because the alleged error benefitted Valenzuela, he was not prejudiced. *See State v. Valverde*, 220 Ariz. 582, 586, ¶ 17, 208 P.3d 233, 237 (2009).

¶14        Citing *State v. Sprang*, 227 Ariz. 10, 14–15, ¶¶ 15–17, 251 P.3d 389, 393–94 (App. 2011), Valenzuela argues that the fact that the alleged error was in some sense favorable (that is, conviction of the lesser offense decreased the potential sentencing range) nevertheless does not establish that the error was harmless. In *Sprang*, this court vacated a second-degree murder conviction after concluding that, because the evidence supported first-degree premeditated murder, and not a lesser offense, an instruction on (and conviction of) second-degree murder was erroneous. *Id.* at 13–14, ¶¶ 11–13, 251 P.3d at 392–93. But in that case, although the error benefitted the defendant by allowing conviction of a less serious offense, the error was not harmless because the jury was not required to find premeditation in reaching its guilty verdict on second-degree murder. *Id.* at 14–15, ¶¶ 15–17, 251 P.3d at 393–94. Absent the erroneous instruction, "[t]he jury could have acquitted Sprang of the first-degree murder charge, as it did, or been unable to reach a verdict." *Id.* at ¶ 17.

¶15        Here, in contrast—and as we noted in *Sprang*—provocation manslaughter involves an additional element to second-degree murder; thus an allegation that the jury lacked sufficient evidence of the additional element (adequate provocation) only "establishe[d] that the jury found all of the factors of second-degree murder." *Id.* at 15, ¶ 18, 251 P.3d at 394. Absent the allegedly incorrect factor of adequate provocation, Valenzuela is left with a jury finding of all of the elements of the greater offense, and there is no uncertainty regarding whether the jury might have found an additional element to establish the greater offense. Accordingly, Valenzuela has not shown prejudice.

**CONCLUSION**

¶16        Valenzuela's conviction is affirmed.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama